# Exhibit A

Electronically Filed by Superior Court of California, County of Orange, 06/26/2020 11:51:46 AM.
30-2020-01145146-CU-OE-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol Ave., Suite 650
Costa Mesa, CA 92626
Tel: (949) 614-5830
Fax: (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE, CIVIL COMPLEX CENTER

| | |
|---|---|
| EDMOND CARMONA, ABRAHAM MENDOZA, ROGER NOGUEIRA on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> DOMINO'S PIZZA, LLC, a Michigan Corporation, and Does 1-10, <br><br> Defendants. | CASE NO.: 30-2020-01145146-CU-OE-CXC <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> (1) FAILURE TO REIMBURSE FOR NECESSARY WORK EXPENDITURES (CAL. LABOR CODE SECTION 2802); <br><br> (2) UNFAIR COMPETITION UNDER BUSINESS & PROFESSIONS CODE SECTION 17200 <br><br> <u>DEMAND FOR JURY TRIAL</u> <br><br> Assigned for All Purposes <br> Judge Peter Wilson <br><br> CX-102 |

1

Plaintiffs Edmond Carmona, Abraham Mendoza, and Roger Nogueira, on behalf of themselves, all others similarly situated, ("Plaintiffs"), hereby file this Complaint against defendant Domino's Pizza, LLC and Does 1-10 (hereafter collectively referred to as "Domino's" or "Defendants"). Plaintiffs is informed and believe, and on that basis, allege as follows:

Plaintiffs brings this action on behalf of themselves and all others similarly situated, against Defendants for their failure to reimburse their drivers for necessary expenditures. As a result, Defendants have violated California statutory law as described below.

## INTRODUCTION

1. Plaintiffs and the putative Class previously worked for or continue to work for Domino's in the State of California as delivery drivers. Defendant Domino's Pizza, LLC is a limited liability company organized under the law of the State of Michigan. Domino's operates as a pizza delivery company in the United States. As of 2018, it operates approximately 14,800 stores in approximately 85 markets. It is headquartered in Ann Arbor, Michigan. Domino's also operates as a transportation services company, of sorts, providing delivery services for its individual businesses throughout the nation, including California.

2. Plaintiffs all worked for Domino's Pizza, LLC as truck drivers within Domino's California facilities. The primary function of Domino's truck drivers is to drive a truck/trailer for the purpose of delivering and unloading various products (cheese, boxes, trays, meats, dough, sauce, etc.). From a nationwide network of 16 supply chain centers, Domino's supports its individual stores with more than 200 different products. Delivery and Service drivers drive a truck, usually over an established route, to deliver these products to Domino's stores.

3. Domino's fails to reimburse Plaintiffs for certain expenses. Specifically, Plaintiffs are required to purchase their own cell phones to communicate with, and be available for, Domino's. Rather than utilize equipment in the drivers' trucks to communicate with drivers (which do not operate for communication while the truck is moving), Domino's managers and dispatchers instead would regularly text or call drivers' personal cell phones to communicate with them while

on the road. Domino's knew this was a regular practice and yet failed to reimburse its drivers for their personal cell phones.

4. Thus, since at least 2015 to the present Plaintiffs and the putative class have suffered common financial harm because of Domino's' violations of California's wage-and-hour law. Accordingly, Plaintiffs and the putative class seek to recover damages for failure to provide accurate, itemized wage statements and injunctive and other equitable relief; and attorneys' fees and costs.

## STATUTORY DAMAGES OWED TO PLAINTIFFS

5. Because Domino's failed to indemnify Plaintiffs and other drivers for certain expenditures required for work, as required by Labor Code § 2802, Defendants are required to reimburse these expenditures including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section. These expenditures shall be paid with interest that shall accrue from the date on which the employee incurred the necessary expenditure or loss.

## THE PARTIES

6. Plaintiffs and the putative class worked for Domino's as drivers during the applicable liability period and were subject to the unlawful workplace conditions detailed above. The Plaintiffs' job responsibilities included making deliveries to Defendants' stores located throughout California.

7. Defendant Domino's is a Michigan corporation, doing business in California. Domino's is liable for the claims asserted herein because it employed Plaintiffs at all times relevant to this lawsuit. The claims in this lawsuit directly arise from Domino's' business practices in California. But for Domino's' doing business in California and employing Plaintiffs, the wage and hour violations that Plaintiffs alleged would not have occurred.

8. Plaintiffs sue DOES 1 through 10 under fictitious names. Their true names and capacities, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs. When Plaintiffs ascertained their true names and capacities, they will seek permission from this Court to

amend the Complaint to insert the true names and capacities of each fictitiously named defendant. Plaintiffs are informed and believe that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and that these defendants directly and proximately caused Plaintiffs' damages.

9. On information and belief, at all times relevant to this Complaint, Defendants, including the fictitiously named defendants, were the servants, employees, joint employers, integrated employers, alter egos, successors-in-interest, subsidiaries, affiliated companies or corporations, and joint venturers of the other Defendants, and were, as such, acting within the course, scope and authority of each other Defendant. Plaintiffs further alleges on information and belief that each of the Defendants acted in concert with, and with the consent of, each of the other Defendants, and that each of the Defendants ratified or agreed to accept the benefit of the conduct of each of the Defendants.

## JURISDICTION AND VENUE

10. Plaintiffs and the putative class were employees of Domino's within the State of California and were subject to the unlawful policies at some point during the past four years.

11. This Court has jurisdiction over Plaintiffs' claims for failure to indemnify its drivers for certain necessary expenditures under California Labor Code § 2802.

12. This Court has jurisdiction over Plaintiffs' claims for restitution of unpaid expenditures and other ill-gotten benefits arising from Domino's' unlawful and/or unfair business practices under California's Business & Professions Code §§ 17200 *et seq.*

13. The California Superior Court has jurisdiction of this matter because both the individual and aggregate monetary damages and restitution sought in this action exceed the minimum jurisdictional limits of the Superior Court and will be established at trial, according to proof. The parties are from the same states and, upon information and belief, the claims are not worth more than $5,000,000 in the aggregate. Furthermore, no one Plaintiff has a wage claim that

4

is worth more than $75,000 individually. Therefore, the Complaint is not subject to removal under the Class Action Fairness Act of 2005 or traditional diversity laws.

14. Venue is proper in this judicial district, pursuant to Code of Civil Procedure §§ 395 and 395.5 because many of the violations have taken place in Orange County. Moreover, throughout the time they worked for Domino's pizza, they spent most of their time driving routes in California and drove routes through and in Orange County and the Los Angeles area.

## CLASS ACTION ALLEGATIONS

15. This action is maintainable as a class action pursuant to California Code of Civil Procedure § 382 as to claims for failure to reimburse for necessary expenditures, attorneys' fees and costs under the California Labor Code and Business & Professions Code. The Business & Professions Code § 17200 claim is based upon three theories: (i) unfair conduct as a result of the anti-competitive actions of Defendants, (ii) fraudulent behavior of Defendants as defined by the UCL, and (iii) the unlawful failure to comply with the California Labor Code. Plaintiffs is representative of those other employees and are acting on behalf of their interests. These similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendant's own employment records.

The Plaintiffs Class is defined as:

> **All drivers employed by Defendant in California from the last four (4) years prior to the filing of this Complaint to the present.**

### Numerosity of Class

16. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, the Plaintiffs believes that hundreds of employees fall within the putative Class. The exact number is easily ascertained from Defendant's own employment records, which are presently within the control of Defendant. Furthermore, upon application by Plaintiffs' counsel for certification of the Class, the Court may be requested to also incorporate sub-Classes in the interest of justice and

judicial economy.

**Existence and Predominance of Common Questions of Fact and Law**

17. Common questions of law and fact exist as to the class members that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. Whether Defendant violated California Labor Code § 2802 and Business & Professions Code § 17200, as alleged herein; and

    c. The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

**Typicality**

18. The claims of Plaintiffs are typical of the claims of the Class they seek to represent. Plaintiffs and all class members work or have worked for Defendant as drivers. Plaintiffs and all class members have the same rights to be reimbursed for all necessary work expenditures based upon California's wage and hour laws. Plaintiffs and all class members have suffered damages and injury resulting from Defendant's wrongful conduct. In addition, Plaintiffs and the class members are entitled to equitable relief, as permitted by law, because Defendant's violations of state statutes have harmed the class members and constitute an unfair business practice, especially when compared to those competitors who comply with wage and hour laws.

**Adequacy**

19. Plaintiffs will fairly and adequately represent and protect the interests of the class members. Plaintiffs has retained counsel competent and experienced in complex class actions, and labor and employment litigation.

**Superiority**

20. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimis*, such damages are small

compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants to recover such damages. Even if the individual class members could afford to prosecute their claims separately, the court system could not. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices

### FIRST CAUSE OF ACTION

**(Failure to Reimburse for All Necessary Expenditures Against All Defendants)**
**(Cal. Labor Code § 2802)**

21. Plaintiffs repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

22. California Labor Code § 2802 requires an employer to indemnify employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. The purpose of this statute is to prevent employers from passing their operating expenses on to their employees. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal. 4th 554, 562.

23. Domino's knowingly and intentionally required its drivers to purchase and use their own personal cell phones to regularly communicate with Domino's during their routes.

24. In violation of Labor Code § 2802, Defendants required Plaintiffs and Class Members to pay the certain expenses including but not limited to fees for the use of their cell phone required for their work in accordance with Domino's requirements.

25. Plaintiffs seeks to recover, on behalf of himself and other Class Members, these expenses, plus interest thereon, reasonable attorneys' fees, and costs, in an amount to be proven at trial.

26. Accordingly, Plaintiffs respectfully requests that the Court award judgment and relief in their favor as described herein.

## SECOND CAUSE OF ACTION

**(Violation of Business & Professions Code § 17200 Against All Defendants)**

27. Plaintiffs repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. Domino's' acts constitute a continuing and ongoing unlawful activity prohibited by the UCL and justifies restitution, and other equitable relief pursuant to Business & Professions Code § 17203.

29. Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to reimburse employees for all business expenses pursuant to Labor Code § 2802; Domino's' conduct of requiring Plaintiffs to work without reimbursing them for all necessary business expenditures directly violates state law, constitutes and was intended to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

30. Through the wrongful and unlawful acts, Domino's has acted contrary to the public policy of this State.

31. Domino's is engaging in unlawful business acts and practices by violating California law including Labor Code § 2802.

32. As a result of their unlawful, unfair, and/or fraudulent acts, Domino's has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiffs. Therefore, under the provisions of the UCL and Labor Code § 2802, Domino's should provide restitution to Plaintiffs the wrongfully withheld wages and other benefits pursuant to Business and Professions Code § 17203, in a sum according to proof for the four-year period preceding the filing of this Complaint up to and including the present.

33. Accordingly, Plaintiffs respectfully requests that the Court award judgment and relief in their favor as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests the following relief:

A. That the Court find this case is appropriate for class treatment pursuant to C.C.P. §382;

B. That the Court find that Domino's has violated California Labor Code § 2802 by failing to reimburse its drivers for all necessary expenditures;

C. That the Court find that Domino's has violated Business and Professions Code § 17200 by failing to reimburse its drivers for all necessary expenditures;

D. That the Court find that Domino's violations as described have been willful;

E. That the Court award to Plaintiffs and the Class damages for failure to reimburse them for all necessary expenditures;

F. That the Court order Domino's to pay restitution to Plaintiffs due to Domino's' unlawful and/or unfair activities, pursuant to Business and Professions Code §§ 17200-17205;

G. That Plaintiffs be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 2802 and 1194, 218.5, Civil Procedure Code §1021.5, and/or other applicable law;

H. Pre-judgment and Post-judgment interest;

I. Costs of suit; and

J. That the Court award such other and further relief as this Court may deem appropriate.

Dated: June 26, 2020

_____
Aashish Y. Desai, (Bar No. 187394)
Adrianne De Castro
DESAI LAW FIRM, P.C.
3200 Bristol Street, Ste. 650
Costa Mesa, CA 92626
Tel: (949) 614-5830
Fax: (949) 271-4190

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues of fact or law so triable.

Dated: June 26, 2020

_____
Aashish Y. Desai, CA Bar No. 187394
Adrianne De Castro
DESAI LAW FIRM, P.C.
3200 Bristol Street, Ste. 650
Costa Mesa, CA 92626
Tel: (949) 614-5830
Fax: (949) 271-4190