DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone:   (949) 614-5830
Facsimile:   (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND CARMONA, ABRAHAM MENDOZA, ROGER NOGUERIA on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINO'S PIZZA, a Michigan Corporation, and DOES 1-10, inclusive.<br><br>Defendants. | CASE NO. 8:20-cv-01905-JVS-JDE<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>HEARING SCHEDULE<br><br>DATE:  December 7, 2020<br>TIME:  1:30 P.M.<br>DEPT:  10-C |

1
2

# <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION.................................................................................. 1

II.  STATEMENT OF FACTS ................................................................... 2

III. ARGUMENT ....................................................................................... 2

   A.  Transportation Workers Like Plaintiff and The Class Are
      Exempt from the FAA ................................................................ 2

   B.  The Arbitration Agreement Is Unenforceable Under California
      Law........................................................................................... 5

     1.  The CAA is Inapplicable............................................... 5

     2.  California Law Prohibits Arbitration of Plaintiff's Claims .................. 6

IV.  CONCLUSION ................................................................................... 8

1
2

# TABLE OF AUTHORITIES

C<small>ASES</small>

*Armendariz v. Found. Health Psychcare Servs.,* Inc.,
  24 Cal.4th 83 (2000) ................................................................ 6

*Barrentine v. Arkansas-Best Freight System, Inc.*
  (1981) 450 U.S. 728 [67 L. Ed. 2d 641, 101 S. Ct. 1437] .................. 8

*Bell v. H.F.. Cox, Inc.,*
  209 Cal.App.4th 62 (2012) ...................................................... 4

*Cicairos v. Summit Logistics, Inc.,*
  133 Cal.App.4th 949 (2005) .................................................... 8

*Circuit City Stores, Inc. v. Adams,*
  532 U.S. 105 (2001) ....................................................... 1, 3, 5

*Cronus Invs., v. Conceirge Servs.,*
  35 Cal.4th 376 (Cal. 2005) ..................................................... 5

*Cruz v. PacifiCare Health Sys., Inc.,*
  30 Cal.4th 303 (2003) ........................................................... 7

*Gilmer v. Interstate/Johnson Lane Corp.,*
  500 U.S. 20 (1991) ............................................................... 8

*Harden v. Roadway Package Sys., Inc.,*
  249 F.3d 1137 (9th Cir. 2001) ................................................ 3

*Hoover v. American Income Life Ins. Co.,*
  206 Cal.App.4th 1207 (2012) ........................................... 6, 7, 8

*Muro v. Cornerstone Staffing, Inc.,*
  20 Cal.App.5th 784 (2018) ..................................................... 7

*New Prime Inc. v. Dominic Oliveira,*
  586 U.S. _____ (2019) ........................................................... 1

*New Prime Inc. v. Dominic Oliveira,*
  case number 17-340 (Jan. 15, 2019) .......................................... 3

*Phila & Reading Ry. Co. v. Hancock,*
  253 U.S. 284 (1920) ............................................................. 3

*Rittmann v. Amazon.com, Inc.,*
  971 F.3d 904 (9th Cir. Aug. 19, 2020) .................................. 2, 4, 5

*Rodriguez v. Am. Techs., Inc.,*
  136 Cal.App.4th 1110 (2006) .................................................. 6

27
28

*Siller v. L & F Distributors, Ltd.,*
   109 F.3d 765 (5th Cir. 1997) ............................................................... 5

*Silva v. Domino's Pizza, LLC,,*
   Case No. 8:18-cv-02145-JVS-JDEx .................................................. 2

*Valles v. Ivy Hill Corp.,*
   410 F.3d 1071 (9th Cir. 2005) ........................................................... 8

*Waithaka v. Amazon.com, Inc.,*
   966 F.3d 10 (1st Cir. 2020) .......................................................... 4, 5

*Warren-Guthrie v. Health Net,*
   84 Cal.App.4th 804 (2000) ................................................................ 6

### STATUTES

Cal. Labor Code § 229 ............................................................................... 7

Cal. Labor Code § 2804 ............................................................................. 8

Cal. Labor Code §§ 200-244 ..................................................................... 7

Cal. Labor Code §§ 2800 and 2802 .......................................................... 7

Cal. Labor Code §226.7 ............................................................................. 7

Cal. Labor Code §§203, 1194, and 2802 .................................................. 8

### RULES

9 U.S.C. § 1 ........................................................................................... 1, 3

Civ Proc. Code § 1858 ............................................................................... 6

### OTHER AUTHORITIES

DLSE MANUAL, 29.2.6 ............................................................................ 7

## I.      **INTRODUCTION**

Defendant's Motion fails to address the proverbial elephant in the parlor: namely, that transportation workers are exempt from the Federal Arbitration Act ("FAA").  *See* 9 U.S.C. § 1 (excluding "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" from the reach of the FAA); *See also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109, 112 (2001) (section 1 applied to "transportation workers").  As Plaintiffs have alleged in their Complaint, Domino's truckdrivers are transportation workers engaged in interstate commerce.  (First Amended Complaint, ¶ 21.)  Its drivers, including the Plaintiffs, transport over 200 different products from its supply chain centers **outside of California** to its individual stores **in California.**  Defendant simply ignored these facts.  The U.S. Supreme Court unanimously held that Congress meant to exempt all transportation workers (including "independent contractor" truck-drivers) from the FAA.  *New Prime Inc. v. Dominic Oliveira*, 586 U.S. ____ (2019).

The Court, in its prior ruling, ruled that despite *New Prime* Domino's drivers are not "engaged in interstate commerce" as that phrase is used in Section 1 of the FAA.  "Domino's has cited multiple cases holding that section 1 does not apply to drivers transporting goods **intra**state; Silva has cited none."  (*See* Court's Prior Tentative, pg.7. – Desai Dec., ¶ 3, **Exh. A**) (emphasis supplied).  But the Ninth Circuit has now ruled that workers are "engaged in interstate commerce" within the meaning of Section 1, even if they themselves do not cross state lines but instead transport goods which cross state lines "within the flow of interstate commerce." *Rittmann v. Amazon*, 2020 WL 4814142, at *10 (9th Cir. Aug. 19, 2020).  Here, as in *Rittmann*, Domino's drivers routinely transport supplies and product "within the flow of interstate commerce" by picking them up from Domino's Southern California Supply Chain Center -- which obtains **out-of-state** supplies like vegetables from "a plant in Illinois," and mushrooms that are "brought in -- from Canada" according the

binding FRCP 30(b)(6) deposition testimony in the related *Silva v. Domino's Pizza, LLC*, Case No. 8:18-cv-02145-JVS-JDEx ("Silva") action.  *See, e.g.,* Villalobos Dep., 27:5-12 – Desai Dec., ¶ 4, **Exh. B**.

Finally, because the FAA does not apply, Defendant's only possible line of defense is the application of the California Arbitration Act ("CAA").  However, this too does not apply because there is zero mention of it in the arbitration agreement.

## II.   STATEMENT OF FACTS

Plaintiffs Edmond Carmona, Abraham Mendoza, and Roger Nogueira worked as truck drivers for Domino's Pizza in the last four years delivering products to Defendant's various pizza stores.  Plaintiffs drove out of Domino's facilities in California.  Plaintiffs primary function, like Domino's other truck drivers, is to drive a truck/trailer for the purpose of delivering and unloading various products (cheese, boxes, trays, meats, dough, sauce, etc.).  From a nationwide network of 16 supply chain centers, Domino's supports its individual stores with more than 200 different products.  Delivery and Service drivers drive a truck, usually over an established route, to deliver these products to Domino's stores.

## III.   ARGUMENT

### A.   Transportation Workers Like Plaintiff and The Class Are Exempt from the FAA

Domino's entire position is premised upon its assertion that the FAA requires its purported arbitration agreements to be enforced -- and that the FAA preempts any state law to the contrary.  But Domino's ignores § 1 of the FAA, which exempts the contracts of transportation workers working in foreign or interstate commerce from the FAA's coverage.  9 U.S.C. § 1 (excluding "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" from the reach of the FAA); *Circuit City Stores, Inc. v. Adams*, 532 U.S.

105, 109, 112 (2001) (section 1 applied to "transportation workers"); *New Prime Inc. v. Dominic Oliveira*, case number 17-340 (Jan. 15, 2019) (transportation workers exempt from FAA).

There can be little doubt that the truck drivers here are transportation workers engaged in foreign or interstate commerce. To begin, Domino's is a registered interstate motor carrier.[1] More importantly, Domino's -- from a nationwide network of 16 supply chain centers – orders its truck drivers to deliver more than 200 different products (cheese, boxes, trays, meats, dough, sauce, etc.) to its individual stores throughout California. (*See* FAC, ¶ 2); https://jobs.dominos.com/dominos-careers/opportunities/corporate/supply-chain. None of the 16 supply chain centers are located in California; thus, the drivers are the last leg of the interstate journey of those goods. *See Harden v. Roadway Package Sys., Inc*., 249 F.3d 1137, 1140 (9th Cir. 2001) (truck drivers are transportation workers within the meaning of § 1 and the FAA is inapplicable to them).

This is so whether or not the class of truck drivers themselves cross state or international borders while driving. Courts have consistently held that workers are "engaged in foreign or interstate commerce" if their *intra*state transportation of the cargo is one leg of an *inter*state or foreign journey for that cargo. *See Phila & Reading Ry. Co. v. Hancock,* 253 U.S. 284, 286 (1920) (railroad worker "engaged in" foreign or interstate commerce when transported coal within single state and coal destined for another state); *Bell v. H.F.. Cox, Inc.*, 209 Cal.App.4th 62, 77-78 (2012) (intrastate movement of goods is part of interstate commerce when it is one leg of interstate journey of those goods); *Circuit City*, 532 U.S. at 117 (section 1 applies to those whose work is part of the "flow of interstate commerce"). Accordingly, the FAA does not even apply here and this should end any further inquiry.

---

[1] https://safer.fmcsa.dot.gov/query.asp?query_type=queryCarrierSnapshot&query_param=USDOT&query_string=302173.

PLAINTIFF'S OPP TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

While Defendant attempts to use the "last-mile" line of cases to facially support its argument, these cases actually help the Plaintiffs.  Despite Defendant's insistence, Plaintiffs are not like local food delivery drivers simply delivering food from restaurants to customers.  Instead, like the drivers in *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. Aug. 19, 2020), the Plaintiffs, who deliver the cheese (originating from Colorado) to the individual franchise store owners are akin to "last mile" delivery drivers.

In *Rittmann*, the Ninth Circuit held that delivery truck drivers who used an application on their phone to arrange for delivery of packages to customers were exempt from the FAA under Section 1 exemption, even if they never crossed state lines in making their deliveries.  Following *New Prime*'s edict to look to the "ordinary meaning at the time Congress enacted the statute," *Rittman* considered the phrase "engaged in commerce" in 1925, the time of FAA's passage.  *Rittmann*, 2020 WL 4814142, at *4 (quoting *New Prime*, 139 S.Ct. at 539).   The Ninth Circuit noted that the ordinary meaning of "engaged" and "commerce" taken together can be read to include workers employed to transport goods that are shipped across state lines, regardless of whether the workers themselves crossed state lines.  *Id*.  In other words, the true inquiry is whether the goods were within the "flow of interstate commerce" – not whether the workers have crossed state lines. *See also Waithaka v. Amazon.com, Inc.*, 966 F.3d 10 (1st Cir. 2020) (following *Rittmann* analysis).

While some of the goods Plaintiffs deliver are purportedly created and made in California, Defendant's own brief confesses (as it must) that at least some of the goods Plaintiffs deliver were once in the "flow of interstate commerce."  Defendant simply argues that the flow stopped once the products were "repackaged" at their distribution center in California.  There is no case holding that once the goods are somehow "repackaged" they are no longer in the flow of commerce; indeed, that interpretation would swallow the rule.  Instead, as in *Rittmann* and *Waithaka*, these

items clearly remained "within the flow of interstate commerce" until Plaintiffs delivered them to the customer. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118 (2001). That such items may have only constituted only a portion of the goods being delivered makes no difference where it is abundantly clear that these goods were within the flow of interstate commerce. *See, e.g., Siller v. L & F Distributors, Ltd.*, 109 F.3d 765, *2 (5th Cir. 1997) (noting that "even if the hauls contain only slight amounts of goods traveling in interstate commerce, they will be deemed interstate commerce in its entirety").

Thus, even if the Plaintiff drivers here never cross state lines, the Ninth Circuit's FAA test demands application of the transportation worker exemption because what they deliver is in the "flow of interstate commerce." Villalobos Dep., 27:5-12 (testifying that vegetables came from "a plant in Illinois," and mushrooms are "brought in -- from Canada"). He also testified that Domino's "brought in" its cheese from a national cheese carrier, Leprino (which is located in Denver, Colorado). *Id.* Of course, one cannot "reapportion" mushrooms and vegetables. These items were simply packaged and shipped from Illinois and Canada to be used at Domino's franchise locations throughout California – classic "interstate commerce." *Rittmann*, 2020 WL 4814142, at *4.

**B.    The Arbitration Agreement Is Unenforceable Under California Law**

Because the FAA does not apply, Domino's can only rely on the California Arbitration Act to enforce its purported agreements. However, the CAA is inapplicable and California law specifically provides that agreements to individually arbitrate wage and hour class action claims are unenforceable.

**1.    The CAA is Inapplicable**

Domino's Arbitration Agreement contains no reference or citation to the CAA; thus, there is no contractual basis to apply the CAA. Where, as here, the arbitration

agreement states that the FAA applies without referencing the CAA, the CAA is inapplicable. *Rodriguez v. Am. Techs., Inc.*, 136 Cal.App.4th 1110 at 1116-22 (2006). The failure to adopt the CAA into the arbitration agreement renders the CAA inapplicable. *See Warren-Guthrie v. Health Net*, 84 Cal.App.4th 804, 816 (2000), *disapproved on other grounds* by *Cronus Invs*. V. Concierge Servs., 35 Cal.4th 376 (Cal. 2005); *see also* Civ. Proc. Code § 1858 (a court cannot "insert what has been omitted").

### 2. California Law Prohibits Arbitration of Plaintiff's Claims

Even if the CAA applied (it doesn't), it would prohibit arbitration of the Plaintiff's wage claims. Unlike the FAA, which, if applied, preempts state legislation designed to restrict the enforcement of arbitration agreements, "the CAA obviously does not prevent our Legislature from selectively prohibiting arbitration in certain areas." *Armendariz v. Found. Health Psychcare Servs.,* Inc., 24 Cal.4th 83, 98 (2000).

Labor Code § 229

California law prohibits arbitration of wage and hour claims. California Labor Code § 229 provides that "[a]ctions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate." Cal. Labor Code §229. "This article" includes Labor Code §§ 200-244. At minimum, Plaintiff's claims that the drivers are owed wages and meal and rest break premiums (Labor Code §226.7) and wages for non-productive work such as pre- and post-shift claims (Labor Code §226.2) cannot be arbitrated under §229. *Hoover v. American Income Life Ins. Co.*, 206 Cal.App.4th at 1207 (2012) ("An individual arbitration agreement does not apply to an action to enforce states governing collection of unpaid wages.")

//

The UCL Claim

Additionally, Plaintiff's UCL claim for *injunctive* relief seeking to enjoin Domino's unlawful policies concerning its refusal to provide meal and rest breaks is also not subject to arbitration. *Cruz v. PacifiCare Health Sys., Inc*., 30 Cal.4th 303, 316 (2003) (arbitration agreements for injunctive relief claims under the state unfair competition and false advertising laws are against public policy and invalid).

Because the FAA is inapplicable, it cannot preempt California law prohibiting arbitration of Plaintiff's wage and hour and UCL claims.   *See Hoover*, 206 Cal.App.4th at 1208-9 (since the FAA did not apply, there was no FAA preemption of California's laws preventing arbitration of meal and wage claims).   For this same reason, the *Gentry* rule remains applicable and not preempted.   *Muro v. Cornerstone Staffing, Inc*., 20 Cal.App.5th 784 (2018) (holding that FAA was not applicable to truck driver's arbitration agreement; class action waiver illegal under *Gentry* rule).

Labor Code § 2802

The Cal. Labor Code is clear: the provisions of Labor Code §§ 2800 and 2802 may not be altered or waived by private agreement. *See* Labor Code § 2804, *See also* DLSE MANUAL, 29.2.6 ("The provisions of Labor Code § 2800 and 2802 may not be altered or waived by private agreement. (Labor Code § 2804)").   Here, Plaintiffs' claims are exclusively limited to the remedies.   While the case law on this issue is limited, the cases confirm that these types of claim are not subject to mandatory arbitration.

In *Hoover v. American Life, Ins. Co.,*  206 Cal. App. 4th 1193 * (May 16, 2012), plaintiffs asserted a cause of action for reimbursement of business expenses, such as auto mileage, under section 2802.   Like the Plaintiffs here, plaintiff also asserted a claim under the UCL.   In *Hoover,* defendant made the same argument that Defendant makes here – i.e. that the plaintiff's statutory wage claims under the Labor Code and the Business and Professions Code are subject to arbitration under the

Federal Arbitration Act (FAA).  The Court began its reasoning as follow --- "as a general rule, state statutory wage and hour claims are not subject to arbitration, whether an arbitration clause is contained in the CBA or an individual agreement." *Id.* at *1206.  *Hoover* noted, the contracts "cannot waive the right to sue under applicable federal or state statutes because these statutory rights "devolve on petitioners as individual workers, not as members of a collective organization." *Id.* 1206 citing *Barrentine v. Arkansas-Best Freight System, Inc.* (1981) 450 U.S. 728, 745 [67 L. Ed. 2d 641, 101 S. Ct. 1437], overruled on other grounds in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991).

The Court in *Hoover* determined that the rights accorded by sections 203, 1194, and **2802** may not be subject to negotiation or waiver.  *Hoover v. Am. Income Life Ins. Co.*, 206 Cal. App. 4th at 1208 citing *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1081–1082 (9th Cir. 2005); *Cicairos v. Summit Logistics, Inc.*, 133 Cal.App.4th 949, 954, 959–960 (2005)(state-mandated minimum labor standard is nonwaivable and non-abridgeable by contract).

## IV.    <u>CONCLUSION</u>

For all these reasons, Defendant's Motion to Compel Arbitration should be denied entirely.  Plaintiffs are exempt from the FAA as transportation workers. Furthermore, the arbitration agreement is unenforceable under California law because it requires Plaintiff to arbitrate claims that are not subject to mandatory arbitration.

///

Respectfully submitted,

Dated: November 11, 2020                    DESAI LAW FIRM, P.C.

By:    /s/ Aashish Y. Desai
       Aashish Y. Desai
       Adrianne De Castro

       Attorneys for Plaintiffs

PLAINTIFF'S OPP TO DEFENDANT'S MOTION TO COMPEL ARBITRATION