DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol Ave., Suite 650
Costa Mesa, CA 92626
Tel:  (949) 614-5830
Fax:  (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND CARMONA, ABRAHAM MENDOZA, ROGER NOGUEIRA, THOMAS ARRIOLA, BURNETT BRULEE, GYGORY DIAZ, DANIEL ETCHEPARE, RAUL QUIROZ, on behalf of themselves and all others similarly situated, and all aggrieve employees,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DOMINO'S PIZZA, LLC, a Michigan Corporation, and Does 1-10,<br><br>        Defendants. | CASE NO. 8:20-cv-01905-JVS-JDE<br><br>Hon. James V. Selna<br><br>**CONSOLIDATED COMPLAINT FOR:**<br><br>**(1) FAILURE TO SEPARATELY PAY ALL WAGES FOR WORK PERFORMED**<br>**(2) FAILURE TO REIMBURSE FOR NECESSARY WORK EXPENDITURES (CAL. LABOR CODE SECTION 2802)**<br>**(3) FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS**<br>**(4) WAITING TIME PENALTIES**<br>**(5) UNFAIR COMPETITION UNDER BUSINESS & PROFESSIONS CODE SECTION 17200**<br>**(6) VIOLATION OF CALIFORNIA PRIVATE ATTORNEY GENERAL ACT, ("PAGA")**<br><br>DEMAND FOR JURY TRIAL |

1

Plaintiffs Edmond Carmona, Abraham Mendoza, and Roger Nogueira, Thomas Arriola, Burnett Brulee, Gyorgy Diaz, Daniel Etchepare, and Raul Quiroz, on behalf of themselves, all others similarly situated, and all aggrieved employees ("Plaintiffs"), hereby file this Consolidated Complaint[1] against defendant Domino's Pizza, LLC and Does 1-10 (hereafter collectively referred to as "Domino's" or "Defendants"). Plaintiffs are informed and believe, and on that basis, allege as follows:

Plaintiffs bring this action on behalf of themselves and all others similarly situated, and on behalf of all aggrieved employees under the Private Attorney General Act ("PAGA") against Defendants for their failure to pay all wages for work performed, failure to reimburse their drivers for necessary expenditures, failure to issue accurate itemized wage statements, and waiting time penalties. As a result, Defendants have violated California statutory law as described below.

## INTRODUCTION

1.    Plaintiffs and the putative Sub-Classes, and all other aggrieved employees, previously worked for or continue to work for Domino's in the State of California as delivery drivers. Defendant Domino's Pizza, LLC is a limited liability company organized under the law of the State of Michigan. Domino's operates as a pizza delivery company in the United States. As of 2018, it operates approximately 14,800 stores in approximately 85 markets. It is headquartered in Ann Arbor, Michigan. Domino's also operates as a transportation services company, of sorts, providing delivery services for its individual businesses throughout the nation,

---

[1] This complaint consolidates the allegations in *Carmona, et al. v. Domino's Pizza, LLC,* 8:20-cv-01905-JVS-JDE, and *Arriola, et al. v. Domino's Pizza, LLC,* 08:23-cv-01358-JWH-KES.

including California.

2.     Plaintiffs all worked for Domino's Pizza, LLC as truck drivers within Domino's California facilities.  The primary function of Domino's truck drivers is to drive a truck/trailer for the purpose of delivering and unloading various products (cheese, boxes, trays, meats, dough, sauce, etc.).  From a nationwide network of 16 supply chain centers, Domino's supports its individual stores with more than 200 different products.  Delivery and Service drivers ("Drivers") drive a truck, usually over an established route, to deliver these products to Domino's stores.

3.     Each Driver is required to perform all pre-trip duties, including reviewing Driver manifests, counting and checking customer invoices of products that have been loaded, moving tractors to the loading dock to attach preloaded trailers, completing required trailer temperature checks, and performing pre-trip safety inspections according to DOT regulations.  Next, each Driver is required to drive to and deliver customer's orders and maintain adequate productivity rates to meet strict delivery schedules.  Then, each Driver must visually survey a customer's site during the approach to determine hazards.  The Drivers unload products from the trailer with a hand truck or by hand and place items in designated customer storage areas and verify delivery of correct items from the invoice and collect money (checks) where required.  Sometimes, the Drivers drive backhauls, which require picking up product from vendors and returning them to the warehouse for receiving while "staying within DOT Hours of Service."  Drivers are required to attend company meetings.  Drivers perform all post-trip responsibilities, including unloading damaged goods and customer returns and competing necessary paperwork, performing safety checks on the truck and trailer, completing DOT logs, and completing company vehicle maintenance reports (DVIR).

4.     Domino's Drivers are also required to pick-up empty trays over the course of their routes.  Drivers are required to routinely pick-up empty trays during

their route.  This work takes approximately 15-30 minutes.

5.      Domino's does not adequately pay its Drivers for any of this work. Plaintiff and other Drivers were all paid the same: piece-rate compensation based on the number of **miles** and the **weight** of the load they carry.  This pay structure is permissible under California law so long as Domino's adequately pays its Drivers for other non-driving work.  It does not.

6.      Instead, Domino's conveniently *assumes* it takes Drivers only a total of 45 minutes to complete their mandatory DOT pre-shift and post-shift safety inspections.  Thus, it pays Drivers for only 45 minutes of work at a flat rate of $20 per hour.  Then, it *assumes* Drivers only take 30-minutes for counting loads and paperwork.  Thus, Domino's only pays its Drivers a flat rate for 30 minutes of work at a rate of $20 per hour.  Of course, Domino's issues these flat rate payments based on estimates that have no basis in time records, or studies on how long it takes Driver to complete all of this work.  All of this work almost always exceeds 45 minutes for a variety of reasons, including Drivers' trucks not being ready due to mechanical issues, loads not being properly counted or loaded, or missing product.  In addition, Drivers are not paid for mandatory training and safety meeting that they are required to attend at least 4-6 times per year.  Moreover, Domino's does not separately pay its Drivers for additional non-driving work such as counting cargo, traffic and weather delays, and restocking refrigerated and room temperature items.

7.      Domino's also does not adequately pay its Drivers for empty tray pick-ups. Drivers are routinely required to pick-up empty trays during their routes.  This work takes approximately 15-30 minutes but Domino's only pays Drivers a flat-rate of $5 for this work.  Like other non-driving tasks, Domino's does not track the time it takes for Drivers to do this work, and thus, does not pay Drivers adequately for all this work.

8.      Accordingly, Domino's method of compensation which includes a

piece-rate plus flat-rate payments violates California law because it does not adequately pay its Drivers for all of their working time.  To mask its illegal pay structure, Domino's does not track the amount of non-driving hours its Drivers work during their shifts.  Thus, it has no idea of the actual time it takes any one Driver to perform, for example, his pre-shift duties and tray pick-ups.  Domino's has a duty to devise technological methods to record all time however small.  Thus, these violations result in Domino's failure to provide accurate, itemized wage statements and its failure to pay all compensation due at the termination of employment.

9.     Domino's knew it took Drivers longer to do this work and yet did not adequately pay them for this time.  For example, Mr. Arriola meticulously wrote down any delay time or non-driving time he worked to notify Domino's that he should be paid for this time.  Although Domino's sporadically paid him for some of this time, it did not regularly pay him for all of his non-driving time.  Mr. Arriola complained to Human Resources whenever he was not paid for all his non-driving working time.  But even after he followed up several times, he still was not paid for all of his non-driving working time.  No doubt this was the case for Domino's other Drivers.  In fact, other Drivers would ask for explanations about their pay but those discussions were quickly shut down.  Mr. Quiroz would also ask about why the pay for tray pick-ups, which often took thirty minutes, was so low but he did not get any satisfactory explanation.  Mr. Diaz recalls he and other Drivers would ask about pay but did not receive any explanation and recalls this type of questioning being discouraged by management.  Thus, it was difficult for Drivers to understand how they were being paid, and if they were being paid correctly.

10.     Domino's cannot reasonably claim it has no knowledge of this non-productive work.  It was sued in 2019 in *Silva, et al. v. Domino's Pizza, et al.*, Case No. SACV 18-2145 JVS (JDEx).  In that case, plaintiffs allege that Drivers were not separately paid for non-driving work they were required to perform including pre-

trip and post-trip duties (which takes approximately 30 mins to an hour to complete before and after their shifts); performing visually surveys of customer sites; unloading products and verifying deliveries; driving backhauls; attending company meetings including safety meetings at least 4-6 times per year; and waiting time on routes (i.e. time spent waiting to unload and deliver product). *Silva* was ultimately dismissed because the Court found no triable issues as to "whether Domino's had actual or constructive knowledge that Drivers routinely performed unpaid pre- and postshift work." Order Regarding Cross-Motions for Summary Judgment, p. 12. Of course, this was 5 years ago. Domino's has long been on notice through the allegations in *Silva* and subsequent appeal that followed that Drivers are still performing this non-driving work without being adequately paid.

11.    Domino's also fails to reimburse Plaintiffs and the putative sub-class for certain expenses. Specifically, Plaintiffs and the putative sub-class are required to purchase their own cell phones to communicate with, and be available for, Domino's. Rather than utilize equipment in the Drivers' trucks to communicate with Drivers (which do not operate for communication while the truck is moving), Domino's managers and dispatchers instead would regularly text or call Drivers' personal cell phones to communicate with them while on the road. Domino's knew this was a regular practice and yet failed to reimburse its Drivers for their personal cell phones.

12.    These violations result in Domino's failure to provide accurate, itemized wage statements and its failure to pay all compensation due at the termination of employment.

13.    Thus, since at least 2015 to the present Plaintiffs and the putative sub-class, and all aggrieved employees have suffered common financial harm because of Domino's' violations of California's wage-and-hour law.

//

**SPECIFIC VIOLATIONS OF THE CALIFORNIA LABOR CODE**

14.    ***Unpaid Wages:***

a.    <u>Non-driving work</u>:  California Labor Code §§ 204, 226.2 and 1197, and Wage Order 9-2001 require Domino's to pay Plaintiff and other Drivers the contract wage (or at least minimum wage) for all wages due.  Plaintiff and other Drivers were not adequately paid for non-driving work they were required to perform.  This work includes pre- and post-trip work that exceeds 45 minutes, tray pick-ups that Drivers are required to perform routinely that can take 15-30 minutes, and additional non-driving time such as delays and traffic for which Drivers were not paid.  Drivers are not separately paid for this time, nor are they paid for the actual time it takes to perform his work.  Instead, Ds are paid flat rates for this work.  In addition, Drivers are not paid for mandatory training and safety meeting that they are required to attend at least 4-6 times per year.

15.    ***Failure to Reimburse for Necessary Expenditures***: Domino's failed to indemnify Plaintiffs and other Drivers for certain expenditures required for work specifically the use of cell phones, as required by Labor Code § 2802, Defendants are required to reimburse these expenditures including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.  These expenditures shall be paid with interest that shall accrue from the date on which the employee incurred the necessary expenditure or loss.

16.    ***Failure to Furnish Accurate Wage Statements:*** Labor Code § 226(a) requires employers to furnish each employee with a statement that accurately reflects gross wages earned, the total number of hours worked, and the net wages earned. Labor Code § 226(b) provides that if an employer fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.  Domino's intentionally

failed to furnish and continue to intentionally fail to furnish each Plaintiff with timely, itemized statements that accurately reflect the gross wages earned, the total number of hours worked and the net wages earned as required.  In particular, Domino's fails to include its Drivers' piece-rate, or actual hours worked directly on the paystubs.

17.   ***Waiting Time Penalties***: Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge.  Labor Code § 202 requires an employer to promptly pay compensation due and owing within 72 hours of that employee's termination of employment by resignation or otherwise.  California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, then the employer is liable for waiting time penalties in the form of continued compensation up to 30 workdays.  Labor Code § 210 provides penalties for any delay in paying wages.  This allows current employees to recover penalties for late payments.  Domino's failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages, including unpaid wages to the Plaintiff and other Drivers whose employment terminated as required.  As a result, Domino's is liable for waiting time penalties, together with interest and attorneys' fees and costs under California Labor Code § 203 and § 210.

18.   ***Failure to Keep Required Payroll Records***: Domino's has violated Wage Order 9-2001, California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll records showing the actual hours worked on a daily basis by the Plaintiff.  Domino's is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2698 in the amount of $500.00 per violation.

## THE PARTIES

19.   Plaintiffs, the putative sub-classes, and all aggrieved employees worked for Domino's as Drivers during the applicable liability period and were subject to the

unlawful workplace conditions detailed above.   The Plaintiffs' job responsibilities included making deliveries to Defendants' stores located throughout California.

20.    Defendant Domino's is a Michigan corporation, doing business in California.  Domino's is liable for the claims asserted herein because it employed Plaintiffs at all times relevant to this lawsuit.  The claims in this lawsuit directly arise from Domino's' business practices in California.  But for Domino's' doing business in California and employing Plaintiffs, the wage and hour violations that Plaintiffs alleged would not have occurred.

21.    Plaintiffs sue DOES 1 through 10 under fictitious names.  Their true names and capacities, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs.  When Plaintiffs ascertained their true names and capacities, they will seek permission from this Court to amend the Complaint to insert the true names and capacities of each fictitiously named defendant.  Plaintiffs are informed and believe that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and that these defendants directly and proximately caused Plaintiffs' damages.

22.    On information and belief, at all times relevant to this Complaint, Defendants, including the fictitiously named defendants, were the servants, employees, joint employers, integrated employers, alter egos, successors-in-interest, subsidiaries, affiliated companies or corporations, and joint venturers of the other Defendants, and were, as such, acting within the course, scope and authority of each other Defendant.  Plaintiffs further alleges on information and belief that each of the Defendants acted in concert with, and with the consent of, each of the other Defendants, and that each of the Defendants ratified or agreed to accept the benefit of the conduct of each of the Defendants.

//

1

2

## JURISDICTION AND VENUE

3      23.    Plaintiffs were employees of Domino's within the State of California

4 and was subject to the unlawful policies at some point during the past four years.

5      24.    This Court has original jurisdiction over this action pursuant to 28

6 U.S.C. §1332(d), the Class Action Fairness Act ("CAFA").

7      25.    Plaintiffs' claims are not subject to arbitration because they and other

8 Domino's delivery Drivers are engaged in interstate commerce and therefore exempt

9 from the application of the Federal Arbitration Act 9 ("FAA").  *See Carmona v.*

10 *Domino's Pizza, LLC*, 73 F.4th 1135 (9th Cir. July 21, 2023) (affirming the district

11 court's order denying Domino's motion to compel arbitration.  Domino's Drivers are

12 transportation workers exempt from the FAA because they are engaged in interstate

13 commerce).

14      26.    Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant

15 regularly conducts business in this district and division, including contracting to

16 supply goods and services in California.

17                              **CLASS ACTION ALLEGATIONS**

18      27.    This action is maintainable as a class action pursuant to Fed. R. Civ. P.

19 Rule 23 as to claims for unpaid wages, the failure to issue accurate itemized paystubs,

20 and the failure to timely pay former and current employees.  The Business &

21 Professions Code § 17200 claim is based upon three theories: (i) unfair conduct as a

22 result of the anti-competitive actions of Defendant, (ii) fraudulent behavior of

23 Defendant as defined by the UCL, and (iii) the unlawful failure to comply with the

24 California Labor Code.  Plaintiffs are representative of those other employees and

25 are acting on behalf of their interests.  These similarly situated employees are known

26 to Defendant and are readily identifiable and locatable through Defendant's own

27 employment records.

28 //

The Plaintiffs' Sub-Classes are defined as follows:

**Sub-Class A:**

**All <u>California Drivers who performed work for Domino's under its
reimbursement policies from June 26, 2016 to the date of final
disposition</u>.**

**Sub-Class B:**

**All California Drivers who performed work for Domino's under its
piece-rate compensation scheme from July 28, 2019 to the date of
final disposition.**

<u>**Numerosity of Class**</u>

28.    The employees in the Sub-Classes identified above are so numerous that
joinder of all members is impracticable.  Although the precise number of such
employees is unknown, the Plaintiffs believes that hundreds of employees fall within
the putative Sub-Classes.  The exact number is easily ascertained from Defendant's
own employment records, which are presently within the control of Defendant.
Furthermore, upon application by Plaintiffs' counsel for certification of the Sub-
Classes, the Court may be requested to also incorporate Sub-Classes in the interest
of justice and judicial economy.

<u>**Existence and Predominance of Common Questions of Fact and Law**</u>

29.    Common questions of law and fact exist as to the class members that
predominate over any questions only affecting them individually and include, but are
not limited to, the following:

a.    Whether Defendant violated California Labor Codes §§ 204, 226,
1194, and 1197 by failing to separately and adequately pay Plaintiffs and Sub-Class
B Members for their non-driving work;

b.    Whether Defendant violated California Labor Code § 2802 by
failing to reimburse Plaintiffs' and Sub-Class A Members for all necessary business
expenditures;

c.    Whether Defendant violated Labor Code § 226(a) and (b) by

failing to issue Plaintiffs and Sub-Class B Members accurate, itemized statement showing all hours worked

   d. Whether Defendant violated Labor Code §§ 226 and 1174 by failing to keep accurate records of Plaintiffs' and Sub-Class B Members' hours of work, gross wages earned, and net wages earned;

   e. Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due and owing at the time that Plaintiffs' and Sub-Class B Members' employment with Domino's was terminated;

   f. Whether Defendant violated Business and Professions Code Section 17200 by engaging in the above-stated violations of the California Labor Code;

   g. Whether Defendant violated the Private Attorney General Act ("PAGA") by engaging in the above-stated violations (not including alleged violations of Labor Code § 2802) of the California Labor Code;

   h. What were the policies, practices, programs, procedures, protocols, and plans of Domino's regarding payment of all wages for all hours worked by its Drivers; and

   i. The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

   j. The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

**Typicality**

  30. The claims of Plaintiffs are typical of the claims of the Sub-Classes they seek to represent.  Plaintiffs and all Sub-Class Members work or have worked for Defendant as Drivers.  Plaintiffs and all Sub-Class B Members have the same right to be compensated for non-driving work.  Plaintiffs and all Sub-Class A Members have the same rights to be reimbursed for all necessary work expenditures based upon

California's wage and hour laws.  Plaintiff and all Sub-Class B Members have the same right to be issued accurate, itemized wage statements.  In addition, Plaintiff and all Sub-Class B Members have the same right to be paid all wages due at the end of their employment.  Plaintiffs and all Sub-Class Members have suffered damages and injury resulting from Defendant's wrongful conduct.  In addition, Plaintiffs and the Sub-Class Members are entitled to equitable relief, as permitted by law, because Defendant's violations of state statutes have harmed the Sub-Class Members and constitute an unfair business practice, especially when compared to those competitors who comply with wage and hour laws.

**Adequacy**

31.    Plaintiffs will fairly and adequately represent and protect the interests of the Sub-Class Members.  Plaintiffs have retained counsel competent and experienced in complex class actions, and labor and employment litigation.

**Superiority**

32.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The Sub-Class Members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures.  Although the relative damages suffered by individual Sub-Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants to recover such damages.  Even if the individual Sub-Class Members could afford to prosecute their claims separately, the court system could not.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

//

### *FIRST CAUSE OF ACTION*
### FAILURE TO PAY ALL WAGES FOR NON-DRIVING TIME
(California Labor Code §§ 1194, 226.2)

33.    Plaintiffs and Sub-Class B Members and all aggrieved employees incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

34.    Defendant paid its Drivers based on the number of miles they drive and the weight of the load they carry. Domino's also pays its Drivers a flat-rate for certain non-driving work. Domino's does not pay its Drivers for the *actual* time it takes to complete their pre- and post-shift work, or the total downtime for its Drivers. In fact, it cannot because Domino's does not even track the amount of non-driving hours its Drivers work during their shifts. Thus, it has no idea of the actual time it takes any one Driver to perform, for example, his pre-shift duties. Within the pre-shift duties, Drivers are also required to conduct a DOT 15-minute pre-shift safety inspection. Domino's does not actually calculate any of this time.

35.    Indeed, Domino's conveniently *assumes* it takes Drivers exactly 15 minutes every time to compete their mandatory DOT pre-shift safety inspection and *assumes* the exact same 15 mins for the post-shift safety inspection, thereby paying a total flat 30-minutes extra for the inspection work. Then, it *assumes* another exact 30-minute estimate for "all other non-driving time" – i.e., for completing paperwork, obtaining keys, waiting on trucks to be loaded, confirming manifests, counting cargo, picking-up and dropping-off trays, time delays, traffic and weather delays, and restocking refrigerated and room temperature items. Without any basis in time records, or studies on how long it takes Driver to complete this work, Domino's only pays its Drivers for 30 minutes of work -- *at a flat rate* -- to perform their pre and post-shift duties.

36.    In addition, Domino's also does not pay Plaintiff and other Drivers for all the miles they drive. While Domino's compensation formula is based on miles driven (and weight which is constant), Domino's did not accurately compute those

miles.  Nor did Domino's adequately pay for the "tray" service it expected its Drivers to perform.  Domino's often mandates that its Drivers pick-up empty trays from customer sites, but provide inadequate or no compensation for this task.  Domino's would often short-change its Drivers because it calculated mileage based on the distance to a city's post office, rather than a Driver's final destination.

37.    California Labor Code § 1194 states that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

38.    Plaintiffs thus seek and are entitled to all uncompensated wages for non-driving work, plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

### *SECOND CAUSE OF ACTION*
## FAILURE TO REIMBURSE FOR ALL NECESSARY EXPENDITURES
(Cal. Labor Code § 2802)

39.    Plaintiffs and Sub-Class A Members incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

40.    California Labor Code § 2802 requires an employer to indemnify employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.  The purpose of this statute is to prevent employers from passing their operating expenses on to their employees. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal. 4th 554, 562.

41.     Domino's knowingly and intentionally required its Drivers to purchase and use their own personal cell phones to regularly communicate with Domino's during their routes about work-related matters.

42.     In violation of Labor Code § 2802, Defendants required Plaintiffs and Sub-Class A Members to pay the certain expenses including but not limited to fees for the use of their cell phone required for their work in accordance with Domino's requirements.

43.     Plaintiffs seeks to recover, on behalf of himself and other Sub-Class A Members, these expenses, plus interest thereon, reasonable attorneys' fees, and costs, in an amount to be proven at trial.

44.     Accordingly, Plaintiffs respectfully requests that the Court award judgment and relief in their favor as described herein.

### *THIRD CAUSE OF ACTION*
### FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS
(California Labor Code §§ 226(a), 226(b), 226(e))

45.     Plaintiffs and Sub-Class B Members and all aggrieved employees incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

46.     California Labor Code § 226(a) requires that employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement that accurately reflects the total number of hours worked.  California Labor Code § 226(a)(2)(A) further requires that the itemized statement shall, in addition to the other items specified in that subdivision, the rate of compensation, and the gross wages paid for those periods during the pay period.

47.     Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up

to $4000.

48.    Domino's wage statements are woefully inadequate in this regard. Domino's knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish, Plaintiffs, the Class, and all aggrieved employee with timely, itemized statements that accurately reflect the total number of hours worked.

49.    Plaintiffs thus seek the amounts provided in Labor Code § 226(e) for the three-year period prior to the filing of this Complaint, up to and including the present, plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

50.    Indeed, Domino's paystub policy was not an "isolated and unintentional payroll error due to a clerical or inadvertent mistake."

### *FOURTH CAUSE OF ACTION*
### LATE PAY AND WAITING TIME PENALTIES
(Cal. Labor Code §§ 200-203, and 210)

51.    Plaintiffs and Sub-Class B Members and all aggrieved employees incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

52.    California Labor Code §§ 201, 202, and 210 require an employer to pay its employees all wages due within the time specified by law.  Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.  Labor Code § 210 allows current employees to sue for late wages.

53.    Sub-Class B Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation for unpaid non-driving work, and rest periods.

54.    Defendant has failed to pay all wages in a timely manner.

55.    As a consequence of Defendant's willful failure to timely compensate

Plaintiffs and the proposed Sub-Class B Members for all hours worked, Sub-Class B Members whose employment ended during the applicable Class Period are entitled to thirty days' wages under Labor Code §§ 203 and 210, together with interest thereon and attorneys' fees and costs, including and attorneys' fees and costs for vindicating a public interest in pursuing these late pay claims, under California Code of Civil Procedure § 1021.5.

### *FIFTH CAUSE OF ACTION*
### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200

56.    Plaintiffs and the Sub-Classes incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

57.    Domino's' acts constitute a continuing and ongoing unlawful activity prohibited by the UCL and justifies restitution, and other equitable relief pursuant to Business & Professions Code § 17203.

58.    Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to reimburse employees for all business expenses pursuant to Labor Code § 2802; Domino's' conduct of requiring Plaintiffs to work without reimbursing them for all necessary business expenditures directly violates state law, constitutes and was intended to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

59.    Through the wrongful and unlawful acts, Domino's has acted contrary to the public policy of this State.

60.    Domino's is engaging in unlawful business acts and practices by violating California law including Labor Code § 2802.

61.    As a result of their unlawful, unfair, and/or fraudulent acts, Domino's has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiffs.  Therefore, under the provisions of the UCL and Labor Code § 2802, Domino's should provide restitution to Plaintiffs the wrongfully withheld wages and

other benefits pursuant to Business and Professions Code § 17203, in a sum according to proof for the four-year period preceding the filing of this Complaint up to and including the present.

62.    Accordingly, Plaintiffs respectfully requests that the Court award judgment and relief in their favor as described herein.

### *SIXTH CAUSE OF ACTION*
### **VIOLATION OF THE PRIVATE ATTORNEY GENERAL ACT**
(Cal. Labor Code §§ 2699, *et seq*.)

63.    Plaintiffs and Sub-Class B Members and all aggrieved employees incorporate by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

64.    The Private Attorney General Act ("PAGA"), Cal. Labor Code § 2699, *et seq.*, allows an aggrieved employee to bring suit against an employer for violations of most Labor Code provisions.    These Labor Code violations include the requirements to separately pay for all work performed pursuant to  Labor Code §§ 1194, 226.2; to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226(a) and (b), 226.3, 1174, 1174.5; to pay all wages due pursuant to Labor Code §§ 204, 1197, and 1198; and waiting time penalties for failure to pay all waged due under Labor Code § 201.

65.    Domino's acts constitute continuing and ongoing unlawful activity prohibited by the California Labor Code and therefore, these acts constitute violations of the PAGA.

66.    Plaintiffs have provided notice of these violations pursuant to Cal. Labor Code § 2699.3 and have specifically asked the California Labor & Workforce Development Agency if it intends to investigate the alleged violations.  The time for the LWDA to respond has expired.  True and correct copies of two letters to the LWDA are attached.  **Exhibit 1** is the PAGA letter sent on behalf of Plaintiff Arriola on July 14, 2023.  **Exhibit 2** is the PAGA letter sent on behalf of Burnett Brûlée,

Gyorgy Diaz, and Raul Quiroz on Sept. 6, 2023.

67.    Domino's conduct of requiring Plaintiffs to work without providing accurate itemized wages statements and payroll records and failing to pay for all hours worked, including non-driving time, and failing to provide necessary reimbursements constitutes violations of the PAGA.

68.    Therefore, under the provisions of PAGA and Labor Code §§ 201-203, 204, 226, 226.2, 226.7, 1174, 1174.5, 1194, 1197, 1198, and 2699, Domino's is liable for the following penalties and damages:

69.    For Domino's failure to pay wages due, Plaintiffs and the other aggrieved employees are entitled to recover such amounts, plus interest thereon, attorney's fees and costs. Domino's is also liable for civil penalties pursuant to Labor Code §§ 558 and 2699 as follows: For any initial violation, $50.00 for each Plaintiffs for each pay period during which the Plaintiffs were not provided wages for all the work performed; and for each subsequent violation, $100.00 for each Plaintiffs for each pay period during which the Plaintiffs were not provided wages for all the work performed.

70.    For Domino's failure to furnish accurate wage statements, Plaintiffs and the other aggrieved employees are entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00. Domino's is additionally liable for civil penalties pursuant to Labor Code §§ 226.3 and 2699 in the amount of $250.00 for each Plaintiffs per initial violation and $1,000.00 for each Plaintiffs per subsequent violation.

71.    For Domino's failure to keep accurate payroll records, Domino's is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2699 in the amount of $500.00 per violation.

72.    For Domino's failure pay its former Driver employees all wages due, Domino's is liable for waiting time penalties, together with interest and attorneys'

fees and costs under California Labor Code § 203.

73.    The proper measure of damages and penalties under the PAGA is all aggrieved employees, whether a party of this action or not.  This claim needs no certification. *Arias v. Superior Court*, 46 Cal.4th 969, 970-75 (2009).

74.    Accordingly, Plaintiffs and all aggrieved employees respectfully request that the Court award judgment and relief in their favor as described herein.

## **REQUEST FOR RELIEF**

1.    WHEREFORE, Plaintiffs, on behalf of themselves and the other similarly situated employees, and all aggrieved employees request judgment and the following specific relief against Defendant as follows:

2.    That the Court determine that this action may be maintained as a class action under Fed. R. Civ. P. Rule 23;

3.    That Defendant is found to have violated the above-referenced provisions of the California Labor Code and IWC Wage Order 9 as to Plaintiffs, Class, and all aggrieved employees;

4.    That the Court find Domino's violated California Labor Code §§ 204, 1197, 1198, 226.2 and Wage Order No. 9-2001 by failing to compensate Plaintiffs, the Sub-Class B Members, and all aggrieved employees for all the work they performed for Defendant;

5.    That the Court find that Domino's has violated California Labor Code § 2802 by failing to reimburse  Sub-Class A Members for all necessary expenditures;

6.    That the Court find that Domino's has violated California Labor Code § 226 by failing to timely furnish Plaintiffs, Sub-Class B Members, and all aggrieved employees itemized statements accurately showing the total hours worked by each of them;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.     That the Court find that Domino's has violated the record-keeping provisions of Labor Code §§ 226 and 1174(d) as to Plaintiffs, Sub-Class B Members, and all aggrieved employees;

8.     That the Court find that Domino's has violated Labor Code §§ 201, 202, and 203 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiff, Sub-Class B Members, and all aggrieved employees;

9.     That Defendant be ordered and enjoined to pay restitution to Plaintiffs and the Sub-Classes due to Defendant's unlawful and/or unfair activities, pursuant to Business & Professions Code §§ 17200-17205;

10.    That Domino's further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business & Professions Code § 17200, pursuant to Section 17203;

11.    That the Court find that Defendant has violated the Private Attorney General Act, Cal. Labor Code § 2699, *et seq*. for all aggrieved employees by failing to pay Plaintiff and the other aggrieved employees all wages due, by failing to keep proper time records, by failing to timely furnish Plaintiff and the other aggrieved employees with statements accurately showing total hours worked, and by failing to pay former employees all their wages due after the termination of their employment;

12.    That the Court find that Defendant's violations as described have been willful;

13.    That the Court impose penalties against Defendant on behalf of all aggrieved employees according to the Private Attorney General Act;

14.    That Plaintiffs, the Sub-Classes, and all aggrieved employees be awarded reasonable attorneys' fees and costs pursuant to Civil Procedure Code § 1021.5, California Labor Code § 1194, Labor Code § 2699, and/or other applicable law; and

15.    That the Court award such other and further relief as this Court may deem appropriate.

Dated:   August 19, 2024

_____

Aashish Y. Desai, (Bar No. 187394)
Adrianne De Castro
DESAI LAW FIRM, P.C.
3200 Bristol Street, Ste. 650
Costa Mesa, CA 92626
Tel:  (949) 614-5830
Fax: (949) 271-4190

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues of fact or law so triable.

Dated:   August 19, 2024

_____

Aashish Y. Desai, CA (Bar No. 187394)
Adrianne De Castro
DESAI LAW FIRM, P.C.
3200 Bristol Street, Ste. 650
Costa Mesa, CA 92626
Tel:  (949) 614-5830
Fax: (949) 271-4190

EXHIBIT 1

# DESAI LAW FIRM, P.C.

## SMART. DEDICATED. EFFECTIVE.

*Aashish Y. Desai – Managing Partner*
*www.desai-law.com | aashish@desai-law.com*

July 14, 2023

**<u>VIA CERTIFIED U.S. MAIL & ONLINE FILING</u>**

California Labor and Workforce
  Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

     Re: Employer:     Domino's Pizza LLC.
     Re: Employee:    Tom Arriola

Dear Sir/Madam:

This office represents Tom Arriola, who works as a truck driver for Domino's Pizza LLC, a Michigan Corporation. He has worked for Domino's from approximately February 3, 2016 to the present.

Mr. Arriola has claims for violations of the California Labor Code and California's Industrial Commission Wage Orders, including (1) failure to compensate for all hours of work performed in violation of Labor Code §§ 226.2, 223, and 1194, and Wage Order 9-2001, ¶4; and (2) failure to provide itemized pay statements and/or maintain required wage and time records in violation of Labor Code § 226, and Wage Order 9-2001, ¶7-B.

Accordingly, this letter is notice, and a request, pursuant to California Labor Code § 2699.3 that your agency investigate the claims in this impending civil action. If the agency does not intend to investigate the alleged violations, we specifically request notification so that we can file our civil action to include our PAGA claims.

This action is brought on behalf of **<u>all</u>** California-based truck drivers and other aggrieved employees to recover unlawfully withheld wages for payroll reporting violations, unpaid wages for non-driving time, detention time, restitution, as well as other statutory penalties and damages owed to the plaintiffs employed by, or formerly employed by Domino's Pizza LLC (hereinafter "Domino's").

Domino's operates as a pizza delivery company in the United States. It operates approximately 14,800 stores in approximately 85 markets. It is headquartered in Ann Arbor, Michigan. Domino's also operates as a transportation services company, of sorts, providing delivery services for its individual businesses throughout the nation, including California. Domino's employs hundreds of truck drivers in California.

---

CALIFORNIA 3200 Bristol Street, Ste 650  Costa Mesa, CA  92626  |  *ph* (949) 614-5830  *fx* (949) 271-4190
TEXAS  2025 Guadalupe Street, Ste. 260 Austin, TX  78705  |  *ph* (512) 370-4023  *fx* (512) 687-3499

California Labor and Workforce
Development Agency
      Re: Employer:      Domino's Pizza LLC.
      Re: Employee:     Tom Arriola
July 14, 2023
Page 2

_____

The primary function of Domino's truck drivers is to drive a truck/trailer for the purpose of delivering and unloading various products (cheese, boxes, trays, meats, dough, sauce, etc). From a nationwide network of 16 supply chain centers, Domino's supports its individual stores with more than 200 different products. Delivery and Service drivers drive a truck, usually over an established route, to deliver these products to Domino's stores. Mr. Arriola, for example, works out of the Ontario facility and drives routes in Ventura, Oxnard, San Diego, Los Angeles, and Orange County.

**A. Domino's Piece-Rate Compensation Does Not Pay for All Hours Worked**

Domino's pay its drivers according to piece-rate plan, the components of which are miles driven and pounds unloaded. While this system is permissible under California law, Domino's is still required under Labor Code § 226.2 to separately pay for (1) rest and recovery, and (2) other non-productive hours. Moreover, under Labor Code § 226.2(a)(5), the amount of hours worked in other non-productive time must be determined listed on the wage statement, (§ 226.2 (a)(2)(B), and compensated separately at an hourly rate.

Domino's does not comply with California law because it does not adequately pay its drivers for certain non-driving work such as pre- and post-shift work, delay time, and tray pick-ups. To mask its illegal pay structure, Domino's does not track the amount of non-driving hours its drivers work during their shifts. Thus, it has no idea of the actual time it takes any one driver to perform, for example, his pre-shift duties and tray pick-ups.

Indeed, Domino's conveniently *assumes* it takes drivers only a total of 45 minutes to complete their mandatory DOT pre-shift and post-shift safety inspections. Thus, it pays drivers for only 45 minutes of work at a flat rate of $20 per hour. Then, it *assumes* drivers only take 30-minutes for counting loads and paperwork. Thus, Domino's only pays its drivers a flat rate for 30 minutes of work at a rate of $20 per hour. Of course, Domino's issues these flat rate payments based on estimates that have no basis in time records, or studies on how long it takes driver to complete all of this work. Moreover, Domino's does not separately pay its drivers for additional non-driving work such as counting cargo, traffic and weather delays, and restocking refrigerated and room temperature items.

Domino's also does not adequately pay its drivers for empty tray pick-ups. Drivers are required to pick-up empty trays during their routes at least 2-3 times per week. This work takes approximately 15-30 minutes but Domino's only pays drivers a flat-rate of $5 for this work. Like other non-driving tasks, Domino's does not track the time it takes for drivers to do this work, and thus, does not pay drivers adequately for all this work.

California Labor and Workforce
Development Agency
        Re: Employer:       Domino's Pizza LLC.
        Re: Employee:      Tom Arriola
July 14, 2023
Page 3

_____

     Although all of these flat rate payments (approx. $20 per hour for the 45 minutes of pre-
and post-shift time, $20 per hour for 30 minutes of counting loads and paperwork, and $5 for tray
pick-ups) are in addition to the piece-rate payment, this does not absolve Domino's of liability
because it does account for all the time it actually takes to perform this work. For example, Mr.
Arriola estimates that the pre- and post-shift duties alone can often take up to an hour because of
equipment malfunctions, hand-counting the palettes, replacing missing palettes, delays, and
waiting time. Drivers' pre-trip duties also include reviewing driver manifests, counting and
checking customer invoices of products that have been loaded, moving tractors to the loading dock
to attach preloaded trailers, completing required trailer temperature checks, and performing pre-
trip safety inspections according to DOT regulations. The 30-minute estimate for counting loads
and paperwork also does not adequately account for other non-driving work such as waiting in
traffic, visually surveying a customer's site during the approach to determine hazards, drivers
unloading products from the trailer with a hand truck or by hand and place items in designated
customer storage areas and verifying delivery of correct items from the invoice and collect money
(checks) where required. The same is true for the flat rate $5 payment for tray pick-up which can
take 15-30 minutes. Thus, Domino's flat rate payments are wholly inadequate to account for all
these non-driving tasks and potential delays.

     Because Domino's paid its drivers *flat rate payments* for certain non-driving work rather
than for their actual hours worked, and because the flat rate did not account for all the working
time, Domino's drivers regularly worked hours for which they were not paid. This pay structure
and the flat rate payments for work violates California law. *See Cardenas v. McLane Foodservice,
Inc.*, 796 F.Supp.2d 1246 (C.D. Cal. 2011).

     Domino's knew it took drivers longer to do this work and yet did not adequately pay them
for this time. For example, Mr. Arriola meticulously wrote down any delay time or non-driving
time he worked to notify Domino's that he should be paid for this time. Although Domino's
sporadically paid him for some of this time, it did not regularly pay him for all of his non-driving
time. Mr. Arriola complained to Human Resources whenever he was not paid for all his non-
driving working time. But even after he followed up several times, he still was not paid for all of
his non-driving working time. No doubt this was the case for Domino's other drivers.

**B. Domino's Paystubs Do Not Show All Hours Worked**

     Furthermore, Defendant's paystubs are woefully inadequate. Since Domino's does not
record the actual time it takes for drivers to perform their pre- and post-shift duties, their delay
time, or the time it takes to pick up trays, it does not have any accurate records of this time.
Although Domino's provides detail reports to its drivers, the reports do not show the actual hours
worked. The Detail Report only includes a line-item for "Login/Paperwork," noted for 30 minutes,

California Labor and Workforce
Development Agency
      Re: Employer:      Domino's Pizza LLC.
      Re: Employee:     Tom Arriola
July 14, 2023
Page 4

---

at a rate of $20 per hour. The Detail Report does not show the actual exact time the drivers took their meal and rest breaks; nor do they separately list the total hours, rate of rest and recovery periods and other nonproductive work. This too is illegal under California law.

Domino's also does not provide accurate, itemized wage statements. Domino's also fails to pay all compensation due at the termination of employment.

## Unlawful Failure to Pay Wages Due

Domino's has violated California Labor Code §§ 204, 226.2, 1196, and 1198. Labor Code § 203 establishes the fundamental right of employees in the State of California to be paid wages in a timely fashion for their work. Labor Code § 1187 makes it unlawful to pay employees less than the wage set by the IWC. Labor Code § 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Orders. Labor Code § 226.2 mandates separate compensation for non-activity based work when utilizing a piece rate compensation system – such as the one Domino's uses. Under Section 4 of IWC Wage Orders 9-2001, 9-2000, and 9-1998, which apply to transportation establishments such as Domino's, Plaintiffs must be paid at least a minimum wage (or contract rate) for each hour worked. Domino's has uniformly required drivers to perform certain work without any compensation whatsoever.

This work includes pre- and post-trip work that exceeds 45 minutes, tray pick-ups that can take 15-30 minutes at least 2-3 times per week, and additional non-driving time such as delays and traffic for which drivers were not paid. Drivers are not separately paid for this time, nor are they paid for the actual time it takes to perform his work. Instead, drivers are paid flat rates for this work. In addition, drivers are not paid for mandatory training and safety meeting that they are required to attend at least 4-6 times per year.

Drivers are entitled to recover such amounts plus interest thereon, attorneys' fees and costs. Domino's is also liable for civil penalties pursuant to Labor Code §§ 558 and 2698 as follows:

(1) For any initial violation, $50.00 for each driver for each pay period during which the driver was not provided wages for all the work performed;

(2) For each subsequent violation, $100.00 for each driver for each pay period during which the driver was not provided wages for all the work performed.

## Failure to Furnish Accurate Wage Statements

Labor Code § 226(a) requires employers to furnish each employee with a statement that accurately reflects gross wages earned, the total number of hours worked, and the net wages earned. Labor Code § 226(b) provides that if an employer fails to provide a statement itemizing,

California Labor and Workforce
Development Agency
     Re: Employer:     Domino's Pizza LLC.
     Re: Employee:    Tom Arriola
July 14, 2023
Page 5
_____

*inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

Domino's intentionally failed to furnish and continue to intentionally fail to furnish each driver with timely, itemized statements that accurately reflect the gross wages earned, the total number of hours worked, and the net wages earned as required. In particular, Domino's fails to include its drivers' piece-rate, or actual hours worked directly on the paystubs. Domino's is additionally liable for civil penalties pursuant to Labor Code §§ 226.3 and 2698 in the amount of $250.00 for each Plaintiff per initial violation and $1,000.00 for each Plaintiff per subsequent violation.

## Waiting Time Penalties

Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge. Labor Code § 202 requires an employer to promptly pay compensation due and owing within 72 hours of that employee's termination of employment by resignation or otherwise. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, then the employer is liable for waiting time penalties in the form of continued compensation up to 30 workdays.

Domino's failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages, including unpaid overtime pay and meal break period pay to those drivers whose employment terminated as required. As a result, Domino's is liable for waiting time penalties, together with interest and attorneys' fees and costs under California Labor Code § 203.

## Failure to Keep Required Payroll Records

Domino's has violated Wage Order 9-2001, California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll records showing the actual hours worked on a daily basis by the drivers. Domino's is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2698 in the amount of $500.00 per violation.

## Conclusion

Domino's is in direct violation of numerous California wage and hour laws. Under PAGA, drivers may seek penalties of $100 per aggrieved employee, per pay period, and $200 for each subsequent violation per aggrieved employee per pay period. Cal. Lab. Code § 2699(f)(2). We provide notice under the Labor Code Private Attorney's General Act of 2004 and specifically ask

California Labor and Workforce
Development Agency
      Re:  Employer:      Domino's Pizza LLC.
      Re:  Employee:     Tom Arriola
July 14, 2023
Page 6
_____

for an investigation; or if the agency does not intend to investigate the alleged violations, a letter
confirming the same so that we may file a complaint against Defendant for the violations discussed
in this letter.


      Should you require anything further or have additional questions, please do not hesitate to
contact me.


      Very truly yours,



      Aashish Y. Desai
      DESAI LAW FIRM, P.C.


AYD:sn

Cc:    Domino's Pizza, LLC.
      30 Frank Lloyd Wright Drive
      Ann Arbor, MI. 48105
      **VIA CERTIFIED U.S. MAIL**

      CPT, Inc.
      818 West Seventh Street, Suite 930
      Los Angeles, CA 90017
      **VIA CERTIFIED U.S. MAIL**

EXHIBIT 2

# DESAI LAW FIRM, P.C.

## SMART. DEDICATED. EFFECTIVE.

*Aashish Y. Desai – Managing Partner*
*www.desai-law.com | aashish@desai-law.com*

September 6, 2023

**<u>VIA CERTIFIED U.S. MAIL & ONLINE FILING</u>**

California Labor and Workforce
  Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814

     Re:  Employer:     Domino's Pizza LLC.
     Re:  Employees:   Burnett Brûlée, Gyorgy Diaz, and Raul Quiroz

Dear Sir/Madam:

This office represents Burnett Brûlée, Gyorgy Diaz, and Raul Quiroz who work as a truck driver for Domino's Pizza LLC, a Michigan Corporation. Burnett Brûlée worked for Domino's Pizza from May 2016 to March 2023. Gyorgy Diaz worked for Domino's Pizza from June 2013 to October 2022. Raul Quiroz worked for Domino's from 2006 to February 2023.

Burnett Brûlée, Gyorgy Diaz, and Raul Quiroz have claims for violations of the California Labor Code and California's Industrial Commission Wage Orders, including (1) failure to compensate for all hours of work performed in violation of Labor Code §§ 226.2, 223, and 1194, and Wage Order 9-2001, ¶4; and (2) failure to provide itemized pay statements and/or maintain required wage and time records in violation of Labor Code § 226, and Wage Order 9-2001, ¶7-B.

Accordingly, this letter is notice, and a request, pursuant to California Labor Code § 2699.3 that your agency investigate the claims in this impending civil action. If the agency does not intend to investigate the alleged violations, we specifically request notification so that we can file our civil action to include our PAGA claims.

This action is brought on behalf of **<u>all</u>** California-based truck drivers and other aggrieved employees to recover unlawfully withheld wages for payroll reporting violations, unpaid wages for non-driving time, detention time, restitution, as well as other statutory penalties and damages owed to the plaintiffs employed by, or formerly employed by Domino's Pizza LLC (hereinafter "Domino's").

Domino's operates as a pizza delivery company in the United States. It operates approximately 14,800 stores in approximately 85 markets. It is headquartered in Ann Arbor, Michigan. Domino's also operates as a transportation services company, of sorts, providing

**CALIFORNIA** 3200 Bristol Street, Ste 650  Costa Mesa, CA  92626  |  *ph* (949) 614-5830  *fx* (949) 271-4190
**TEXAS**  2025 Guadalupe Street, Ste. 260 Austin, TX  78705  |  *ph* (512) 370-4023  *fx* (512) 687-3499

California Labor and Workforce
Development Agency
      Re: Employer:     Domino's Pizza LLC.
      Re: Employee:    Burnett Brûlée, Gyorgy Diaz, and Raul Quiroz
September 6, 2023
Page 2

---

delivery services for its individual businesses throughout the nation, including California. Domino's employs hundreds of truck drivers in California.

The primary function of Domino's truck drivers is to drive a truck/trailer for the purpose of delivering and unloading various products (cheese, boxes, trays, meats, dough, sauce, etc). From a nationwide network of 16 supply chain centers, Domino's supports its individual stores with more than 200 different products. Delivery and Service drivers drive a truck, usually over an established route, to deliver these products to Domino's stores. These drivers, for example, work out of the Ontario facility and drives routes in Ventura, Oxnard, San Diego, Los Angeles, and Orange County.

**A. Domino's Piece-Rate Compensation Does Not Pay for All Hours Worked**

Domino's pay its drivers according to piece-rate plan, the components of which are miles driven and pounds unloaded. While this system is permissible under California law, Domino's is still required under Labor Code § 226.2 to separately pay for (1) rest and recovery, and (2) other non-productive hours. Moreover, under Labor Code § 226.2(a)(5), the amount of hours worked in other non-productive time must be determined listed on the wage statement, (§ 226.2 (a)(2)(B), and compensated separately at an hourly rate.

Domino's does not comply with California law because it does not adequately pay its drivers for certain non-driving work such as pre- and post-shift work, delay time, and tray pick-ups. To mask its illegal pay structure, Domino's does not track the amount of non-driving hours its drivers work during their shifts. Thus, it has no idea of the actual time it takes any one driver to perform, for example, his pre-shift duties and tray pick-ups.

Indeed, Domino's conveniently *assumes* it takes drivers only a total of 45 minutes to complete their mandatory DOT pre-shift and post-shift safety inspections. Thus, it pays drivers for only 45 minutes of work at a flat rate of $20 per hour. Then, it *assumes* drivers only take 30-minutes for counting loads and paperwork. Thus, Domino's only pays its drivers a flat rate for 30 minutes of work at a rate of $20 per hour. Of course, Domino's issues these flat rate payments based on estimates that have no basis in time records, or studies on how long it takes driver to complete all of this work. Moreover, Domino's does not separately pay its drivers for additional non-driving work such as counting cargo, traffic and weather delays, and restocking refrigerated and room temperature items.

Domino's also does not adequately pay its drivers for empty tray pick-ups. Drivers are required to pick-up empty trays during their routes at least 2-3 times per week. This work takes approximately 15-30 minutes but Domino's only pays drivers a flat-rate of $5 for this work. Like

California Labor and Workforce
Development Agency
      Re:  Employer:      Domino's Pizza LLC.
      Re:  Employee:     Burnett Brûlée, Gyorgy Diaz, and Raul Quiroz
September 6, 2023
Page 3

---

other non-driving tasks, Domino's does not track the time it takes for drivers to do this work, and thus, does not pay drivers adequately for all this work.

Although all of these flat rate payments (approx. $20 per hour for the 45 minutes of pre- and post-shift time, $20 per hour for 30 minutes of counting loads and paperwork, and $5 for tray pick-ups) are in addition to the piece-rate payment, this does not absolve Domino's of liability because it does account for all the time it actually takes to perform this work. For example, the drivers we represent estimate that the pre- and post-shift duties alone can often take up to an hour because of equipment malfunctions, hand-counting the palettes, replacing missing palettes, delays, and waiting time. Drivers' pre-trip duties also include reviewing driver manifests, counting and checking customer invoices of products that have been loaded, moving tractors to the loading dock to attach preloaded trailers, completing required trailer temperature checks, and performing pre-trip safety inspections according to DOT regulations. The 30-minute estimate for counting loads and paperwork also does not adequately account for other non-driving work such as waiting in traffic, visually surveying a customer's site during the approach to determine hazards, drivers unloading products from the trailer with a hand truck or by hand and place items in designated customer storage areas and verifying delivery of correct items from the invoice and collect money (checks) where required. The same is true for the flat rate $5 payment for tray pick-up which can take 15-30 minutes. Thus, Domino's flat rate payments are wholly inadequate to account for all these non-driving tasks and potential delays.

Because Domino's paid its drivers *flat rate payments* for certain non-driving work rather than for their actual hours worked, and because the flat rate did not account for all the working time, Domino's drivers regularly worked hours for which they were not paid. This pay structure and the flat rate payments for work violates California law. *See Cardenas v. McLane Foodservice, Inc.*, 796 F.Supp.2d 1246 (C.D. Cal. 2011).

Domino's knew it took drivers longer to do this work and yet did not adequately pay them for this time. The drivers we represent would ask for explanations about their pay but those discussions were quickly shut down. Mr. Quiroz would also ask about why the pay for tray pick-ups, which often took thirty minutes, was so low but he did not get any satisfactory explanation. Mr. Diaz recalls he and other drivers would ask about pay but did not receive any explanation and recalls this type of questioning being discouraged by management. Thus, it was difficult for drivers to understand how they were being paid, and if they were being paid correctly.

### B.  Domino's Paystubs Do Not Show All Hours Worked

Furthermore, Defendant's paystubs are woefully inadequate. Since Domino's does not record the actual time it takes for drivers to perform their pre- and post-shift duties, their delay

California Labor and Workforce
Development Agency
      Re: Employer:     Domino's Pizza LLC.
      Re: Employee:    Burnett Brûlée, Gyorgy Diaz, and Raul Quiroz
September 6, 2023
Page 4

_____

time, or the time it takes to pick up trays, it does not have any accurate records of this time. Although Domino's provides detail reports to its drivers, the reports do not show the actual hours worked. The Detail Report only includes a line-item for "Login/Paperwork," noted for 30 minutes, at a rate of $20 per hour. The Detail Report does not show the actual exact time the drivers took their meal and rest breaks; nor do they separately list the total hours, rate of rest and recovery periods and other nonproductive work. This too is illegal under California law.

Domino's also does not provide accurate, itemized wage statements. Domino's also fails to pay all compensation due at the termination of employment.

## **Unlawful Failure to Pay Wages Due**

Domino's has violated California Labor Code §§ 204, 226.2, 1196, and 1198. Labor Code § 203 establishes the fundamental right of employees in the State of California to be paid wages in a timely fashion for their work. Labor Code § 1187 makes it unlawful to pay employees less than the wage set by the IWC. Labor Code § 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Orders. Labor Code § 226.2 mandates separate compensation for non-activity based work when utilizing a piece rate compensation system – such as the one Domino's uses. Under Section 4 of IWC Wage Orders 9-2001, 9-2000, and 9-1998, which apply to transportation establishments such as Domino's, Plaintiffs must be paid at least a minimum wage (or contract rate) for each hour worked. Domino's has uniformly required drivers to perform certain work without any compensation whatsoever.

This work includes pre- and post-trip work that exceeds 45 minutes, tray pick-ups that can take 15-30 minutes at least 2-3 times per week, and additional non-driving time such as delays and traffic for which drivers were not paid. Drivers are not separately paid for this time, nor are they paid for the actual time it takes to perform his work. Instead, drivers are paid flat rates for this work. In addition, drivers are not paid for mandatory training and safety meeting that they are required to attend at least 4-6 times per year.

Drivers are entitled to recover such amounts plus interest thereon, attorneys' fees and costs. Domino's is also liable for civil penalties pursuant to Labor Code §§ 558 and 2698 as follows:

(1) For any initial violation, $50.00 for each driver for each pay period during which the driver was not provided wages for all the work performed;

(2) For each subsequent violation, $100.00 for each driver for each pay period during which the driver was not provided wages for all the work performed.

California Labor and Workforce
Development Agency
      Re:  Employer:      Domino's Pizza LLC.
      Re:  Employee:     Burnett Brûlée, Gyorgy Diaz, and Raul Quiroz
September 6, 2023
Page 5
_____

## Failure to Furnish Accurate Wage Statements

Labor Code § 226(a) requires employers to furnish each employee with a statement that accurately reflects gross wages earned, the total number of hours worked, and the net wages earned.  Labor Code § 226(b) provides that if an employer fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50.00 for the initial violation and $100.00 for each subsequent violation, up to $4,000.00.

Domino's intentionally failed to furnish and continue to intentionally fail to furnish each driver with timely, itemized statements that accurately reflect the gross wages earned, the total number of hours worked, and the net wages earned as required. In particular, Domino's fails to include its drivers' piece-rate, or actual hours worked directly on the paystubs.  Domino's is additionally liable for civil penalties pursuant to Labor Code §§ 226.3 and 2698 in the amount of $250.00 for each Plaintiff per initial violation and $1,000.00 for each Plaintiff per subsequent violation.

## Waiting Time Penalties

Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge.  Labor Code § 202 requires an employer to promptly pay compensation due and owing within 72 hours of that employee's termination of employment by resignation or otherwise.  California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, then the employer is liable for waiting time penalties in the form of continued compensation up to 30 workdays.

Domino's failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages, including unpaid overtime pay and meal break period pay to those drivers whose employment terminated as required.  As a result, Domino's is liable for waiting time penalties, together with interest and attorneys' fees and costs under California Labor Code § 203.

## Failure to Keep Required Payroll Records

Domino's has violated Wage Order 9-2001, California Labor Code §§ 226 and 1174 by willfully failing to keep required payroll records showing the actual hours worked on a daily basis by the drivers.  Domino's is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2698 in the amount of $500.00 per violation.

California Labor and Workforce
Development Agency
     Re:  Employer:     Domino's Pizza LLC.
     Re:  Employee:    Burnett Brûlée, Gyorgy Diaz, and Raul Quiroz
September 6, 2023
Page 6

---

## <u>Conclusion</u>

Domino's is in direct violation of numerous California wage and hour laws.  Under PAGA, drivers may seek penalties of $100 per aggrieved employee, per pay period, and $200 for each subsequent violation per aggrieved employee per pay period. Cal. Lab. Code § 2699(f)(2).  We provide notice under the Labor Code Private Attorney's General Act of 2004 and specifically ask for an investigation; or if the agency does not intend to investigate the alleged violations, a letter confirming the same so that we may file a complaint against Defendant for the violations discussed in this letter.

Should you require anything further or have additional questions, please do not hesitate to contact me.

Very truly yours,

Aashish Y. Desai
DESAI LAW FIRM, P.C.

AYD:sn

Cc:    Domino's Pizza, LLC.
      30 Frank Lloyd Wright Drive
      Ann Arbor, MI. 48105
      **<u>VIA CERTIFIED U.S. MAIL</u>**

      C T Corporation
      330 N Brand Blvd., Ste 700
      Glendale, CA 91203
      **<u>VIA CERTIFIED U.S. MAIL</u>**