UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | 8:20-cv-01905-JVS-JDE | Date  December 22, 2025 |
| Title | Edmond Carmona et al v. Dominos Pizza LLC et al | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:     **[IN CHAMBERS]** <u>Order Regarding Motion to Preliminary Approval of Settlement & Attorneys' Fees [64, 65]</u>

Before the Court are two motions.  First, Plaintiffs Edmond Carmona ("Carmona"), Abraham Mendoza ("Mendoza"), Roger Nogueira ("Nogueira"), Thomas Arriola ("Arriola"), Burnett Brulee ("Brulee"), Gyorgy Diaz ("Diaz"), Daniel Etchepare ("Etchepare"), Raul Quiroz ("Quiroz"), Santos Fonseca-Romero ("Fonseca-Romero"), and Marc Moran ("Moran") (together, "Named Plaintiffs") move for preliminary approval of the class action settlement with Defendant Domino's Pizza LLC ("Domino's").  (Mot. ("Prelim. Approval Mot."), Dkt. No. 64.)  Domino's does not oppose the motion.

Second, Named Plaintiffs move for preliminary approval of attorneys' fees and costs, services awards, and administration plan as laid out in the settlement agreement. (Mot. ("Fees Mot."), Dkt. No. 65.)  This motion is similarly unopposed.

For the following reasons, the Court **GRANTS** the motion for preliminary approval of settlement and **DENIES in part** the motion for preliminary approval of attorneys' fees and costs, service awards, and administration plan.

Specifically, the Court:

- Preliminarily approves the Proposed Settlement, litigation costs, and administration fees;
- Appoints Named Plaintiffs as class representatives; Desai Law Firm, P.C., as class counsel; and ILYM Group, Inc., as settlement administrator;
- Directs notice be given to class members;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |
|---|---|---|---|

| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |
|---|---|

- Rejects the proposed attorneys' fees and service awards;
- Approves the scheduling proposal for notice and final approval.

## I. BACKGROUND

*A.    Allegations*

The following background is drawn from Named Plaintiff's Second Amended Consolidated Complaint ("SACC"). (Dkt. No. 63.)  Named Plaintiffs brought suit on behalf of various sub-classes consisting of delivery drivers and warehouse workers currently or previously employed by Domino's in California.  (SACC ¶ 1.)  Domino's is a pizza delivery company headquartered in Michigan with locations across the United States.  (Id.)  As part of its business, Domino's operates a network of supply chain centers from which it delivers various products (cheese, boxes, trays, meats, dough, etc.) to individual stores.  (Id. ¶ 2.)

Carmona and members of the putative delivery driver class are primarily responsible for "delivering and unloading" these products within California.  (Id.)  Domino's offers piece-rate compensation for deliveries based on the number of miles of a trip and the weight of the load.  (Id. ¶ 5.)  However, drivers also complete pre- and post-trip duties, including vehicle safety checks, unloading damaged or returned goods, and returning empty trays.  (Id. ¶ 3.)  Carmona and the other named delivery driver plaintiffs (Mendoza, Nogueira, Arriola, Brulee, Diaz, Etchepare, and Quiroz) allege that Domino's fails to adequately pay its drivers for this non-driving work because it pays a flat rate instead of tracking the actual time spent on such work.  (Id. ¶¶ 5–8.)  Additionally, they allege that Domino's fails to compensate them for time spent in the sleeper berth during long trips or provide reimbursement for the cost of cell phones needed to communicate for work.  (Id. ¶¶ 12, 21.)

Fonseca-Romero, Moran, and members of the putative warehouse worker class inventory, store, and prepare for shipment goods that are delivered to individual Domino's stores.  (Id. ¶ 15.)  These class members are hourly, non-exempt employees who allege that Domino's failed to compensate them for off-the-clock work, provide meal and rest breaks, or reimburse them for the use of personal cell phones for job-related communication. (Id. ¶¶ 16, 20.)  They also allege that the warehouse workers' alternative workweek schedule failed to meet California Labor Code requirements,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

resulting in substantial unpaid overtime.  (Id. 18–19.)

Named Plaintiffs allege that Domino's was aware of all of these labor practices. (Id. ¶¶ 10–21.)

Based on these allegations, Named Plaintiffs made the following claims in their SACC under various sections of the California Labor Code, Business & Professions Code, and the Private Attorneys General Act ("PAGA"): (1) Failure to pay all wages for work performed; (2) Failure to reimburse for necessary work expenditures; (3) Failure to issue accurate itemized wage statements; (4) Failure to pay overtime wages; (5) Failure to authorize meal periods; (6) Failure to authorize and permit rest periods; (7) Waiting penalties; (8) Unfair Competition; (9) Violation of PAGA.

*B.    Procedural History*

Carmona and certain other named Plaintiffs initially filed suit in Orange County Superior Court on behalf of a putative class of delivery drivers for Domino's on June 26, 2020.  (Notice of Removal, Dkt. No. 1.)  On October 1, 2020, Carmona's suit was removed to this Court.  (Id.)

On November 9, 2020, the Court denied Domino's motion to compel arbitration of claims on an individual basis.  (Order, Dkt. No. 19.)  Domino's appealed this decision to the Ninth Circuit, during which the underlying case was stayed pending appeal.  (See Order, Dkt. No. 27.)  After the Ninth Circuit affirmed this Court's decision in Carmona v. Domino's Pizza, LLC, 21 F.4th 627 (9th Cir. 2021), Domino's sought review before the United States Supreme Court.  The Supreme Court vacated and remanded Domino's appeal back to the Ninth Circuit, which ultimately reaffirmed its earlier decision upholding the denial of the motion to compel arbitration.  See Carmona v. Domino's Pizza, LLC, 73 F.4th 1135 (9th Cir. 2023).  On April 15, 2024, Domino's second cert. petition to the Supreme Court was denied, allowing adjudication to continue on the merits.  (See Mandate, Dkt. No. 33.)

On August 19, 2024, Named Plaintiffs filed a consolidated complaint combining the Carmona case with another case with similarly–situated plaintiffs.  (Consolidated Complaint, Dkt. No. 35); see Arriola et al. v. Domino's Pizza, LLC, Case No. 8:23-cv-01358-JVS-JDE.  Named Plaintiffs further amended this complaint to add claims relating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |
|---|---|---|---|

| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |
|---|---|

to time spent in the sleeper berth on April 15, 2025.  (First Amended Consolidated Complaint ("FACC"), Dkt. No. 50.)

Ultimately, after significant discovery in preparation for class certification, the parties opted to pursue mediation and reached a settlement agreement on September 25, 2025.  (See Prelim. Approval Mot. at 5–6; Decl. of Aashish Desai ("Desai Decl."), Dkt. No. 64-1, ¶¶ 8–9, 31.)  Prior to submitting their motion for preliminary approval of class action settlement, the parties stipulated to filing the Second Amended Consolidated Complaint ("SACC") on November 21, 2025.  (SACC, Dkt. No. 63.)

Named Plaintiffs now move for preliminary approval of a $2.3 million non-reversionary class action settlement agreement.  (Prelim. Approval Mot.)  Specifically, they request preliminary approval of the (1) proposed settlement, (2) three class certifications, (3) class representatives and counsel, (4) attorneys' fees and costs, (5) service awards, (6) notice plan, (7) settlement administrator, and (8) schedule for final approval hearing.  (Id. at i; Fees Mot. at 2.)

C.    *Terms of the Proposed Settlement*

1.    Proposed Settlement Groups

The proposed settlement defines five groups of current and former California employees of Domino's who would be entitled to distributions:

- (1) "Class A Driver Reimbursement Class"—for drivers who worked under Domino's reimbursement policies since July 26, 2016, (Settlement Agreement ("SA" or "Settlement"), Dkt. No. 64-2, ¶ 6);
- (2) "Class A Driver Piece-Rate Class"—for drivers who worked under Domino's piece-rate compensation plan since July 18, 2019, (Id. ¶ 5);
- (3) "Non-Driver Class"—for hourly-paid, non-exempt employees since August 27, 2020, (Id. ¶ 19);
- (4) "Class A Driver PAGA Members"—for drivers since July 14, 2022, (Id. ¶ 3); and
- (5) "Non-Driver PAGA Members"—for non-driver employees since November 8, 2023, (Id. ¶ 20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

The eligibility periods close for each group upon preliminary approval of the settlement.  (Id. ¶¶ 3, 5, 6, 19, 20.)

2.    Settlement Amount

The proposed Settlement creates a common fund of $2.3 million covering payments to members of each of the Settlement groups, attorneys' fees and costs, service awards for named plaintiffs, administration costs, and employer payroll taxes.  (Id. ¶ 44.) Once fees, costs, proposed awards, and taxes are paid, the net settlement proceeds (approximately $1,242,447, (Desai Decl. ¶ 53)) will be distributed to class and PAGA members:

- $20,000 PAGA payment, with 75% ($15,000) allocated to the California Labor and Workforce Development Agency ("LWDA") and 25% ($5,000) to PAGA members, (id. ¶ 49);
- $75,000 for Class A Driver Reimbursement Class members, (id. ¶ 51);
- Remaining net settlement proceeds to be split equally (50%) between the Class A Driver Piece-Rate Class and the Non-Driver Class, (id. ¶ 52–53).

The fund is non-reversionary, meaning none of the net settlement proceeds will be returned to Domino's.  (Id. ¶ 45.)

3.    Administrative Expenses, Attorneys' Fees and Costs, and Service Awards

The parties have jointly selected ILYM Group, Inc. ("ILYM") to serve as the Settlement Administrator.  (Id. ¶ 39.)  ILYM has estimated administration costs to be $11,000, which is included in the motion for preliminary approval.  (Prelim. Approval Mot. at 13.)  Additionally, counsel for Named Plaintiffs are seeking an award of 33% of the total Settlement ($766,666) as well as $23,192 in estimated litigation costs.  (Id. at 8; SA ¶ 46.)  Finally, the Settlement provides a $15,000 service award to each named plaintiff in exchange for a general release, totaling $150,000.  (SA ¶ 47.)

4.    Release

The Settlement stipulates that participating class members and all PAGA members, regardless of opting out of the class claims, will release Defendants from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

liability for losses based on the facts alleged in the SACC related to the class and PAGA claims.  (Id. ¶¶ 33–34, 66–68.)  The release only applies to claims arising during the relevant claim periods.  (Id. ¶¶ 33-34.)

5.    Notice

Domino's will provide the settlement administrator with the names and contact information of all current and former employees who are eligible to join one of the classes.  (Id. ¶¶ 9, 57.)  Within 21 days of receipt of the class list, notice packets will be sent via First-Class U.S. Mail and e-mail if available.  (Id. ¶ 58; Prelim. Approval Mot. at 12–13.)  Any returned notices will be skip-traced and re-mailed.  (SA ¶ 59.)  Notice packets will include information about the action, settlement terms and estimated individualized payment, and instructions to dispute, object to, or opt out of the Settlement.  (Id. ¶ 60.)

6.    Opt-Out and Objection Process

Any class member may object to the Settlement.  To state a valid objection to the Settlement Agreement, an objecting class member must provide a written objection with the following information by the relevant response deadline (forty-five days after mailing of notice):

> (i) the objector's full name, signature, address, and telephone number, (ii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; and (iv) a statement whether the objector intends to appear at the Fairness Hearing.

(Id. ¶¶ 23, 37, 63.)

Class members wishing to opt out may do so by submitting a request for exclusion to the settlement administrator signed and postmarked by the same response deadline. (Id. ¶¶ 36, 64.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                              Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

## II. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

*A.    Legal Standard*

Federal Rule of Civil Procedure Rule 23(e) states that "[t]he claims . . . of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . or compromised only with the court's approval." "The parties must provide the court with information sufficient to enable it to determine whether to give notice of the propos[ed] [settlement] to the class." Fed. R. Civ. P. 23(e)(1)(A). The Rule further provides that

> [t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the propos[ed] [settlement] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.

Fed. R. Civ. P. 23(e)(1)(B).

*B.    Likelihood of Class Certification*

The Court must determine whether it is "likely" that it will be able to "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1). Accordingly, the Court must consider the class certification standards under Rule 23, and based on those standards must "reach a tentative conclusion that it will be able to certify the class in conjunction with final approval of the settlement." Lusk v. Five Guys Enters. LLC, 2019 WL 7048791, at *5 (E.D. Cal. Dec. 23, 2019) (quoting Newberg on Class Actions § 13:18 (5th ed)).

A motion for class certification involves a two-part analysis. First, the plaintiffs must demonstrate that the proposed class satisfies the requirements of Rule 23(a): (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The plaintiffs may not rest on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |

| | |
|---|---|
| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |

mere allegations, but must provide facts to satisfy these requirements.  <u>Doninger v. Pac. Nw. Bell, Inc.</u>, 564 F.2d 1304, 1309 (9th Cir. 1977) (citing <u>Gillibeau v. Richmond</u>, 417 F.2d 426, 432 (9th Cir. 1969)).

Second, the plaintiffs must meet the requirements for at least one of the three subsections of Rule 23(b).  Under Rule 23(b)(3), a class may be maintained if "questions of law or fact common to class members *predominate* over any questions affecting only individual members," and if "a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3) (emphasis added).

The plaintiffs bear the burden of demonstrating that Rule 23 is satisfied.  <u>See</u> <u>Zinser v. Accufix Research Inst., Inc.</u>, 253 F.3d 1180, 1186 (9th Cir. 2001), <u>amended by</u> 273 F.3d 1266 (2001).  The district court must rigorously analyze whether the plaintiffs have met the prerequisites of Rule 23. <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 350 (2011) (quoting <u>Gen. Tel. Co. v. Falcon</u>, 457 U.S. 147, 161 (1982)).  Rule 23 confers "broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court."  <u>Armstrong v. Davis</u>, 275 F.3d 849, 872 n.28 (9th Cir. 2001), <u>abrogated on other grounds by</u> <u>Johnson v. California</u>, 543 U.S. 499, 504–05 (2005).  The district court need only form a "reasonable judgment" on each certification requirement "[b]ecause the early resolution of the class certification question requires some degree of speculation."  <u>Gable v. Land Rover N. Am., Inc.</u>, No. SACV 07-0376 AG (RNBx), 2011 U.S. Dist. LEXIS 90774, at *8 (C.D. Cal. July 25, 2011) (internal quotation marks omitted); <u>see also</u> <u>Blackie v. Barrack</u>, 524 F.2d 891, 901 n.17 (9th Cir. 1975).  This may require the court to "'probe behind the pleadings before coming to rest on the certification question,'" and the court "'*must* consider the merits' if they overlap with Rule 23(a)'s requirements."  <u>Wang v. Chinese Daily News</u>, 709 F.3d 829, 834 (9th Cir. 2013) (quoting <u>Dukes</u>,564 U.S. at 351; <u>Ellis v. Costco Wholesale Corp.</u>, 657 F.3d 970, 983 (9th Cir. 2011)).

Here, only three of the proposed settlement groups require certification: (1) Class A Driver Reimbursement Class; (2) Class A Driver Piece-Rate Class; and (3) Non-Driver Class.  PAGA claims do not require class certification.  <u>See</u> <u>Arias v. Superior Court</u>, 46 Cal. 4th 969, 986 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                          Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

1.    Rule 23(a) Prerequisites

    **a.    Numerosity**

Rule 23(a)(1) requires that a class be sufficiently numerous such that it would be impracticable to join all members individually.  In determining whether a proposed class is sufficiently numerous to sustain a class action, the court must examine the specific facts because the numerosity requirement "imposes no absolute limitations."  Gen. Tel. Co. of the Nw. v. EEOC, 446 U.S. 318, 330 (1980).  While there is no exact cut-off, courts generally find that the numerosity requirement is satisfied when a class includes at least 40 members.  Rannis v. Recchia, 380 Fed. App'x 646, 651 (9th Cir. 2010); Mild v. PPG Indus., 2019 U.S. Dist. LEXIS 1244352, at *4 (C.D. Cal. Jul. 25, 2019) (citing Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)).  "[A] reasonable estimate of the number of purported class members satisfies the numerosity requirement."  In re Badger Mountain Irrigation Dist. Sec. Litig., 143 F.R.D. 693, 696 (W.D. Wash. 1992).

In this case, both of the driver classes include the same 249 California-based delivery drivers.  (Desai Decl. ¶¶ 38–43.)  The Non-Driver Class includes 457 warehouse workers.  (Id. ¶¶ 44–49.)  Thus, each class is sufficiently numerous such that joinder is impracticable.  See Villalpando v. Exel Direct, Inc., 303 F.R.D. 588, 605–06 (N.D. Cal. 2014) ("[C]ourts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members.").

    **b.    Commonality**

Rule 23(a)(2) requires that questions of law or fact be common to the class.  "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998).  A common question "must be of such a nature that it is capable of classwide resolution—means that the determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke."  Dukes, 564 U.S. at 350.  As the Ninth Circuit explained in Wang, 709 F.3d at 834, there must be at least "a single common question" to satisfy the commonality requirement set forth in Rule 23(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |

| | |
|---|---|
| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |

Here, the class members' claims depend on the same common issues related to Domino's uniform employment policies and practices, including (1) piece-rate compensation, (2) sleeper berth time, (3) reimbursement for personal cell phone usage, (4) alternative workweek schedules, (5) overtime payments; and (6) meal and rest break provisions. Because these claims turn on the same alleged conduct by Domino's and "drive the resolution of the litigation," the Court concludes that the commonality prong is tentatively satisfied. See Dukes, 564 U.S. at 350.

### c.    Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." To meet the typicality requirement, the plaintiffs must show that: (1) "other members have the same or similar injury"; (2) "the action is based on conduct which is not unique to the named plaintiffs"; and (3) "other class members have been injured by the same course of conduct." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 984 (9th Cir. 2011). "Under the rule's permissive standards, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. Plaintiffs can satisfy their burden through pleadings, affidavits, or other evidence. See Lewis v. First Am. Title Ins. Co., 265 F.R.D. 536, 556 (D. Idaho 2010).

In this case, the putative class members were all subject to the same Domino's employment policies and practices. (Desai Decl. ¶¶ 38–49.) While each individual employee may have been affected by these policies and practices more or less depending on their tenure, the cause and nature of the injury suffered is identical to other class members. Thus, the claims are sufficiently coextensive and the typicality prong is satisfied at this stage.

### d.    Fair and Adequate Representation

Rule 23(a)(4) requires that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is grounded in constitutional due process concerns: 'absent class members must be afforded adequate representation before entry of a judgment which binds them.'" Evans v. IAC/Interactive Corp., 244 F.R.D. 568, 577 (C.D. Cal. 2007) (quoting Hanlon, 150 F.3d at 1020). Representation is adequate if (1) the named plaintiffs and their counsel are able to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

prosecute the action vigorously and (2) the named plaintiffs do not have conflicting interests with the unnamed class members; and (3) the attorney representing the class is qualified and competent. Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978).

Here, the Named Plaintiffs and Class Counsel prosecuted the action vigorously and have zealously advocated on behalf of the class through multiple rounds of appellate review, including before the Supreme Court, on Domino's motion to compel arbitration. (See Mandate, Dkt. No. 33.) They have also diligently pursued discovery while negotiating a settlement. (Desai Decl. ¶¶ 8–9, 27–31.) The Named Plaintiffs further attest that there are no conflicts between them and other class members, who are similarly situated as Domino's employees and share the same interest in recovering unpaid wages. (Prelim. Approval Mot. at 16; see, e.g., Declaration of Thomas Arriola ("Arriola Decl."), Dkt. No. 65-2, ¶¶ 5, 9–13.) Finally, the attorneys at Desai Law Firm, P.C. ("Desai Law Firm") have extensive experience litigating wage and hour consumer class actions and have competently litigated this case through appellate review. (See Desai Decl. 13–19; Declaration of Adrianne De Castro ("De Castro Decl."), Dkt. No. 65-1, ¶¶ 3–6.) Accordingly, the representation is fair and adequate.

2.    Rule 23(b)(3)

"Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Kamm v. Cal. City Dev. Co., 509 F.2d 205, 211 (9th Cir. 1975). A class may be certified under this subdivision where common questions of law and fact predominate over questions affecting individual members, and where a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. Proc. 23(b)(3).

a.    **Predominance**

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997) (citation omitted). "[I]n deciding whether to certify a settlement-only class, 'a district court need not inquire whether the case, if tried, would present intractable management problems.'" In re Hyundai and Kia Fuel Economy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |
|----------|------------------------|------|-------------------|

| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |
|-------|--------------------------------------------------|

Litigation, 926 F.3d 539, 558 (9th Cir. 2019) (citing Amchem, 521 U.S. at 620). Because there is a heightened risk of collusion during settlement, "the aspects of Rule 23(a) and (b) that are important to certifying a settlement class are 'those designed to protect absentees by blocking unwarranted or overbroad class definitions.'" Id. (citing Amchem, 521 U.S. at 620). "A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable." Id.

As noted above, multiple common issues exist, namely around the employment policies and practices of Domino's. (See supra Section II.B.1.b.) Each putative member, whether a delivery driver or warehouse worker, was subject to these policies and practices and allegedly injured as a result. (SACC ¶¶ 3–21.) Thus, each of the claims surrounding Domino' labor practices relies on evidence that is largely common to all members of a given class. While some issues may be specific to certain individuals, the common questions in this case "are more prevalent or important than the non-common, aggregation-defeating, individual issues." Tyson Foods, Inc. v. Bouaphakeo, 577 U.S. 442, 453 (2016).

**b.    Superiority**

Finally, the Court considers whether a class action would be superior to individual suits. Amchem, 521 U.S. at 615. Plaintiff must demonstrate superiority under Rule 23(b)(3) by a preponderance of the evidence. See Zinser, 253 F.3d at 1186. "A class action is the superior method for managing litigation if no realistic alternative exists." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234–35 (9th Cir. 1996). This superiority inquiry requires consideration of the following factors:

> (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action.

See Zinser, 253 F.3d at 1190; Fed. R. Civ. P. 23(b)(3)(A)–(D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

     The Court finds that class action, rather than individual lawsuits, is the superior vehicle for the resolution of this case.  Each plaintiff individually has a relatively small sum at stake compared to the cost of litigation.  See Hanlon, 150 F.3d at 1023. Furthermore, any individual class member who has seeks to pursue a separate action may opt out of the Settlement.  Finally, the Settlement provides a simple and straightforward way for hundreds of Domino's employees—many of whom may otherwise be subject to binding arbitration agreements—to meaningfully and quickly resolve their claims.  (See Prelim. Approval Mot. at 19; Desai Decl. ¶ 34.)

* * *

     Accordingly, the Court tentatively concludes that it will be able to certify the proposed class by final approval and appoints Named Plaintiffs as class representatives.

     3.    Appointment of Counsel

     The Court must consider various factors in appointing class counsel, including:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  In addition the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

     Here, Aashish Desai and Adrianne De Castro have nearly 60 years of combined experience bringing wage and hour class action claims under California law.  (See Desai Decl. 13–19; De Castro Decl. ¶¶ 3–6.)  This experience is indicative of their knowledge of the California labor laws at issue in this case.  Additionally, their law firm has represented the Named Plaintiffs since the genesis of this lawsuit, and the firm has dedicated significant resources on a contingency basis to litigate this case through years of appellate review.  (Desai Decl. ¶¶ 7–8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

Accordingly, taking into account all of the factors under Rule 23(g)(1), the Court finds that Aashish Desai and Adrianne De Castro of Desai Law Firm will provide the best representation for the putative classes in this action.

*B.    Proposed Settlement*

Under Rule 23(e)(2), if the proposed settlement would bind class members, the Court may approve it only after a hearing and only on finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "Courts reviewing class action settlements must 'ensure[] that unnamed class members are protected from unjust or unfair settlements affecting their rights,' while also accounting for 'the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" Campbell v. Facebook, Inc., 951 F.3d 1106, 1121 (9th Cir. 2020) (quoting In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d 539, 556 (9th Cir. 2019) (en banc) (internal quotation marks omitted)).

When evaluating the fairness of a class action settlement, the Court must consider the following factors:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |
|---|---|---|---|

| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |
|---|---|

A "higher standard of fairness" applies when, like here, parties settle a case before the district court has formally certified a litigation class. See Campbell v. Facebook, Inc., 951 F.3d at 1121 (citing Hanlon, 150 F.3d at 1026). In such cases, "[t]he dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e)." Id. (quoting Hanlon, 150 F.3d at 1026).

1.    Adequacy of Representation by Class Representatives and Class Counsel

Under Rule 23(e)(2)(A), the first factor to be considered is whether the class representatives and class counsel have adequately represented the class. This analysis includes "the nature and amount of discovery" undertaken in the litigation. Fed. R. Civ. P. 23(e)(2)(A), 2018 Advisory Committee Notes. For a court to approve a proposed settlement, "[t]he parties must . . . have engaged in sufficient investigation of the facts to enable the court to intelligently make an appraisal of the settlement." Acosta, 243 F.R.D. at 396 (internal quotation marks omitted).

As noted above, the Named Plaintiffs are similarly situated to the other class members and adequately represent their interests in receiving unpaid wages and penalties. (See Prelim. Approval Mot. at 16; see, e.g., Arriola Decl. ¶¶ 5, 9–13.) Additionally, Desai Law Firm conducted significant discovery in anticipation of class certification once prejudgment appellate review was completed. (Desai Decl. ¶¶ 8, 27–31.) This included deposing Domino's corporate representative in a related case, reviewing over 15,000 pages of documents specific to the present class action, and crafting responses to Domino's discovery requests with Named Plaintiffs. (Id. ¶¶ 28–29.) Based on this discovery, counsel provided detailed estimates of the potential recovery for each class and analyzed the likelihood of success to inform settlement. (Id. ¶¶ 38–55.)

The Court finds that these efforts constitute adequate representation.

2.    Negotiated at Arm's Length

The second Rule 23(e)(2) factor asks the Court to confirm that the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). Like the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |
|---|---|---|---|

| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |
|---|---|

preceding factor, this can be "described as [a] 'procedural' concern[], looking to the conduct of the litigation and of the negotiations leading up to the proposed settlement." Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes. "[T]he involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether th[ose] [negotiations] were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes; accord Pederson v. Airport Terminal Servs., 2018 WL 2138457, at *7 (C.D. Cal. Apr. 5, 2018) (the oversight "of an experienced mediator" reflected noncollusive negotiations).

Prior to any discovery, the Parties vigorously and actively litigated the case, including extensive appeals of the Court's order on binding arbitration and multiple amended pleadings. Once appellate review concluded, the parties immediately began exchanging discovery requests and eventually agreed to a full day mediation to try to reach a settlement. (Desai Decl. ¶¶ 8–9, 56.) The mediation was led by professional mediator Joel Grossman and all but one of the Named Plaintiffs were present. (Id. ¶¶ 8–9, 31–37); see La Fleur v. Med. Mgmt. Int'l, Inc., 2014 WL 2967475, at *4 (C.D. Cal. June 25, 2014) ("Settlements reached with the help of a mediator are likely noncollusive."). The parties spent the next month finalizing the proposed Settlement. (Id. ¶ 9); see Callaway v. Mercedes-Benz United States LLC, 2017 WL 11707445, at *6 (C.D. Cal. Nov. 29, 2017) ("The extensive mediation process demonstrates to the Court that the proposed settlement is the product of serious, informed, noncollusive negotiations.").

Accordingly, the Court finds that the Settlement was negotiated at arm's length.

3.    Adequacy of Relief Provided for the Class

The third factor that the Court considers is whether

> the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |

| | |
|---|---|
| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |

Fed. R. Civ. P. 23(e)(2)(C).  Under this factor, the relief "to class members is a central concern."  Fed. R. Civ. P. 23(e)(2)(C), Advisory Committee Notes.

### a.    Value of Settlement Offer

The Court finds that the value of the Settlement Agreement supports the preliminary approval of the class settlement.  "To evaluate the adequacy of the settlement amount, 'courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer.'"  Hefler v. Wells Fargo & Co., 2018 WL 6619983, at *8 (N.D. Cal. Dec. 18, 2018).

Here, the total value of the Settlement is $2.3 million, a fraction of the total potential recovery to plaintiffs.  Class counsel estimated the total potential class recovery to be $26,695,452: $12,513,896 for the driver classes plus $14,181,556 for the Non-Driver Class.  (Desai Decl. ¶¶ 42, 49.)  Even excluding potential PAGA recovery, the Settlement is 8.6% of the potential recovery suggested by class counsel.[1]  After accounting for estimated fees and costs, class members are likely to only see around 4.6% of total potential recovery.  (See Desai Decl. ¶ 53.)  Nonetheless, *potential* recovery is not the same as *expected* recovery, which the Court agrees with the Named Plaintiffs is much lower when considering the risks of litigation and other factors detailed below.  Other courts have found that similarly small proportions of potential recovery are appropriate in certain settlement circumstances given the unpredictability and difficulty of class actions.  See In re Omnivision Techs., 559 F.Supp.2d 1036, 1042 (N.D. Cal. 2007) (approving settlement in which class received payments totaling 6% of potential damages).

The Court is satisfied that Class Counsel has reviewed confirmatory discovery and has balanced the Settlement value with its likelihood of success at trial.

---

[1] Class Counsel arrived at a higher percentage by dividing the total settlement amount by each class's total potential recovery, when the settlement is actually split between the classes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |

| | |
|---|---|
| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |

**b.    Costs, Risks, and Delay of Trial and Appeal**

"A[] central concern [when evaluating a proposed class action settlement] . . . relate[s] to the cost and risk involved in pursuing a litigated outcome." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes.  "Proceeding in [] litigation in the absence of settlement poses various risks such as . . . having summary judgment granted against Plaintiffs[] or losing at trial.  Such considerations have been found to weigh heavily in favor of settlement."  Graves v. United Industries Corporation, 2020 WL 953210, at *7 (C.D. Cal. Feb. 24, 2020) (citing Rodriguez v. West Publishing Corp., 563 F.3d 948, 966 (9th Cir. 2009); Curtis-Bauer v. Morgan Stanley & Co., Inc., 2008 WL 4667090, at *4 (N.D. Cal. Oct. 22, 2008)).

In this case, the Court agrees that there is a substantial risk for the classes should this case proceed to trial.  Specifically, many of the warehouse workers could be subject to binding arbitration agreements that could preclude their participation in litigation altogether.  (Desai Decl. ¶ 34.)  Further, a key legal theory for the driver's claims that considers unlawful "estimates" for non-driving work that could be accurately tracked is currently under review in the California Supreme Court.  See Camp v. Home Depot U.S.A., Inc., 84 Cal.App.5th 638 (2022).  Finally, trial poses the inherent difficulty of proving liability and damages, which Domino's would likely vigorously contest.

Plaintiffs' continue to maintain that they have meritorious claims, but recognize the risk of continued litigation.  See Cottle v. Plaid Inc., 340 F.R.D. 356, 373 (N.D. Cal. 2021); Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1238 (9th Cir. 1998) (finding that proceeding to trial adds additional risk, expense, and complexity in class actions).  Based on the Court's assessment of the risks of continued litigation and class counsel's reasonable attestation that the Settlement benefits outweigh the continued costs, risks, and further delays, the Court finds that this factor weighs in favor of fairness.

**c.    Effectiveness of Proposed Method of Relief Distribution**

Next, the Court must consider "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C).  "Often it will be important for the court to scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims."  Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes.  "A claims processing method should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." <u>Id.</u>

The Court finds that the proposed method of relief distribution is effective and ensures fairness. Here, class members will be identified and contacted based on Domino's employment records. (SA ¶ 9.) Class members who don't opt out will automatically receive an individualized settlement based on their specific hours worked during the relevant claims periods. (<u>Id.</u> ¶ 71–72.)

Accordingly, the Court finds that the effectiveness of the proposed method of relief weighs in favor of fairness.

### d.    Terms of Proposed Award of Attorneys' Fees

The Court must consider "the terms of any proposed award of attorneys' fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(c). In considering the proposed award of attorneys' fees, the Court must scrutinize the settlement for three factors that tend to show collusion:

> (1) when counsel receives a disproportionate distribution of the settlement; (2) when the parties negotiate a "clear sailing arrangement," under which the defendant agrees not to challenge a request for an agreed-upon attorney's fee; and (3) when the agreement contains a "kicker" or "reverter" clause that returns unawarded fees to the defendant, rather than the class.

<u>Briseno v. ConAgra Foods, Inc.</u>, 998 F.3d 1014, 1023 (9th Cir. 2021) (internal quotation marks omitted) (citing <u>In re Bluetooth Headset Products Liability Litigation</u>, 654 F.3d 935, 947 (9th Cir. 2011)). The Court must consider whether these factors exist in both pre- and post-class certification settlements. <u>Id.</u> at 1024.

The Court considers and denies class counsel's specific request for a fee of 33% of the value of the Settlement below. <u>See infra</u> Section III.A. However, because the Settlement only states that class counsel will apply to the Court for an award up to this amount, (SA ¶ 46), the Court finds that it can nonetheless preliminarily approve the Settlement, subject to a revised request for attorneys' fees filed by class counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

### e.    Agreement Identification Requirement

Finally, the Court must also evaluate any agreement made in connection with the proposed Settlement. See Fed. R. Civ. P. 23(e)(2)(C)(iv), (e)(3). The parties have not indicated that any such agreement exists.

### 4.    Equitable Treatment of Class Members

The final Rule 23(e)(2) factor turns on whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), 2018 Advisory Committee Notes.

The Court finds that class members are treated equitably to each other. Each class member is entitled to identical relief, with the only difference being the calculation of their individualized share based on number of weeks actually worked during the claim periods. (SA ¶¶ 51–52.) The release is similarly applied equally to all class members and only affects the release of claims from the relevant claim period. (SA ¶ 66.)

The Court takes up and denies the proposed $15,000 service awards for Named Plaintiffs below. See infra Section III.B.

### 5.    Conclusion as to the Fairness of the Proposed Settlement

Accordingly, the Court finds that the proposed Settlement is fair and adequate. The Court preliminarily approves the Settlement under Rule 23, subject to amended requests for attorneys' fees and service awards prior to final approval detailed below. See infra Sections III.A–B.

### D.    *Preliminary Approval of the PAGA Settlement*

Another component of the Settlement Agreement concerns the PAGA claims. While the underlying facts are similar, the PAGA action is procedurally distinct from the class claims. See Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1124 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |
|---|---|---|---|

| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |
|---|---|

2017) ("Rule 23 and PAGA are more dissimilar than alike. A PAGA action is at heart a civil enforcement action on behalf of and for the benefit of the state, not a claim for class relief."). "Unlike Rule 23(c)(2), PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action." Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425, 436 (9th Cir. 2015) (quoting Baumann, 747 F.3d at 1123). Those procedural requirements are not necessary to protect due process rights in the context of a PAGA action because "absent employees do not own a personal claim for PAGA civil penalties, and whatever personal claims the absent employees might have for relief are not at stake." Williams v. Superior Court, 3 Cal. 5th 531, 547 n.4 (2017) (internal citations omitted).

While the Court does not evaluate the PAGA settlement under the Rule 23 criteria, it must approve the settlement of an action brought under PAGA to "ensur[e] that any negotiated resolution is fair to those affected." Williams, 3 Cal. 5th at 549. "[A] trial court should evaluate a PAGA settlement to determine whether it is fair, reasonable, and adequate in view of PAGA's purposes to remediate present labor law violations, deter future ones, and to maximize enforcement of state labor laws." Moniz v. Adecco USA, Inc., 72 Cal. App. 5th 56, 77 (2021); see Williams, 3 Cal. 5th at 546 (describing how the Legislature "sought to remediate present violations and deter future ones" by passing PAGA). Through this review, the trial court "must scrutinize whether, in resolving the action, a PAGA plaintiff has adequately represented the state's interests and hence the public's interest." Moniz, 72 Cal. App. 5th at 89.

Here, the Settlement allocates $20,000 to PAGA payments, which amounts to just 0.33% of the $5,984,800 total PAGA exposure estimated by class counsel. (Desai Decl. ¶ 50.) Other courts have approved significantly reduced PAGA payments in favor of a larger share of the settlement going towards class member recovery. See Billups-Larkin v. Aramark Servs., Inc., No. 21 Civ. 6852, 2023 WL 4600409, at *3 (N.D. Cal. July 17, 2023) (1.9% of PAGA exposure); McLeod v. Bank of Am., N.A., No. 16 Civ. 3294, 2018 WL 5982863, at *4 (N.D. Cal. Nov. 14, 2018) (1.1%). The Court finds that the PAGA settlement is reasonable in light of the deterrent effect of the overall Settlement and the decision to maximize recovery for class members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

*E.    Notice Requirements*

Under Rule 23(c)(2)(B),

> for any class certified under Rule 23(b)(3)—or upon ordering notice
> under Rule 23(e)(1) to a class proposed to be certified for purposes
> of settlement under Rule 23(b)(3)—the court must direct to class
> members the best notice that is practicable under the circumstances,
> including individual notice to all members who can be identified
> through reasonable effort.

Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) further states that the notice may be made
by one of the following: United States mail, electronic means, or another type of
appropriate means. Id. Additionally,

> [t]he notice must clearly and concisely state in plain, easily
> understood language: (i) the nature of the action; (ii) the definition of
> the class certified; (iii) the class claims, issues, or defenses; (iv) that
> a class member may enter an appearance through an attorney if the
> member so desires; (v) that the court will exclude from the class any
> member who requests exclusion; (vi) the time and manner for
> requesting exclusion; and (vii) the binding effect of a class judgment
> on members under Rule 23(c)(3).

Id.

As noted above, notice will be provided to class members via U.S. mail and email
when available, and the notice will also be posted to the settlement website. (SA ¶¶
58–61.) Upon reviewing the proposed notice form at Exhibit A of the Settlement
Agreement, the Court finds that the notice requirements of Rule 23(c)(2)(B) are met,
with the exception that the objection and opt-out deadline should be at least 60 days after
notice is given.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE              Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

*F.    Scheduling of Final Approval Hearing*

The Court adopts the following schedule proposed by the parties:

| EVENT: | DATE/DEADLINE: |
| --- | --- |
| Settlement Class Notice Program Begins | February 2, 2026 |
| Objection/Exclusion Deadline | April 3, 2026 |
| Settlement Administrator provides a list of all persons who submitted valid Requests for Exclusion to Defense and Class Counsel | April 8, 2026 |
| Motion for Final Approval and Award of Attorneys' Fees and Service Awards | April 10, 2026 |
| Reply Memoranda in Support of Final Approval and Fee/Expense Motion and Response to Objections, if any | April 20, 2026 |
| Final Approval Hearing | May 4, 2026 at 1:30 p.m. |

\* \* \*

In sum, the Court **GRANTS** the motion to preliminarily approve the class action settlement agreement.  The Court finds that class certification is likely, notice is adequate, and the settlement proposal is fair, reasonable, and appropriate, subject to amended requests for attorneys' fees and service awards.

### III.  ATTORNEYS' FEES, SERVICE AWARDS, & ADMINISTRATION PLAN

Class counsel seeks the Court to award (1) $766,666 in attorney fees from the common fund (33% of the Settlement), (2) actual costs of $23,192 for reimbursement of reasonably incurred litigation expenses, and (3) $15,000 to each Named Plaintiff as service awards, for at total of $150,000.  (Mot. at 1.)  They also seek approval of the class administrator and estimated administration costs of $11,000.  (Id. at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:20-cv-01905-JVS-JDE                  Date   December 22, 2025

Title      Edmond Carmona et al v. Dominos Pizza LLC et al

*A.      Attorneys' Fees from the Common Fund*

A lawyer who recovers "a common fund for the benefit of persons other than himself or his client" is entitled to reasonable attorney fees from the fund as a whole. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); Staton v. Boeing Co., 327 F.3d 938, 967 (9th Cir. 2003).  The Supreme Court has explained the rationale underlying the "common fund doctrine" as follows:

> [P]ersons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense. Jurisdiction over the fund involved in the litigation allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefitted by the suit.

Van Gemert, 444 U.S. at 478 (citation omitted).

In a common fund case, the court has discretion to use either a percentage or lodestar method to determine attorney fees.  In re Hyundai and Kia Fuel Econ. Litig., 923 F.3d 539, 570 (9th Cir. 2019).  "The lodestar method yields a fee that is presumptively [reasonable]."  Perdue v. Kenny A. ex. rel. Winn, 559 U.S. 542, 552 (2010).  The percentage method is a "shortcut to be used 'in lieu of the often more time-consuming task of calculating the lodestar,' but only if 'the benefit to the class is easily quantified,'" such as in a common-fund settlement.  In re Hyundai, 923 F.3d at 571 (quoting In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011).  Accordingly, the "use of the percentage method in common fund cases appears to be dominant."  In re Omnivision Techs., Inc., 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007).

The percentage method requires the court simply to determine what percentage of the fund would provide class counsel with a reasonable fee under all the circumstances. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998).  The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees."  Id. However, "[t]he benchmark percentage should be adjusted, or replaced with a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors."  Six (6) Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |

| | |
|---|---|
| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |

Cir. 1990); Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002) ("The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases."). A "mechanical or formulaic application" of the percentage method is inappropriate "where it yields an unreasonable result." In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 109 F.3d 602, 607 (9th Cir. 1997) [hereinafter Petroleum Prods.]; In re Critical Path, Inc., Sec. Litig., No. C 01-00551 WHA, 2002 U.S. Dist. LEXIS 26399, at *24 (N.D. Cal. June 18, 2002). Regardless of which method the court uses, it must "explain[] its determination by written order or in open court." Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir. 2000).

The Court will consider a number of factors approved by the Ninth Circuit for assessing reasonableness. See Vizcaino, 290 F.3d at 1048–50. Thereafter, the Court will cross-check the reasonableness of the award with the lodestar method. Id. at 1050.

### 1. Results Achieved

"Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award." In re Heritage Bond Litig., No. 02-ML-1475-DT, 223 F.R.D. 527 (C.D. Cal. 2004).

Here, the total value of the common fund is $2.3 million, which, as explained above, represents around 8.6% of the total potential value of class claims. Once proposed fees and costs are deducted, class members stand to receive just 4.6% of the potential value of their claims in the Settlement reached by counsel. (Desai Decl. ¶ 53.) This result may be reasonable and fair in light of the risks of continued litigation noted above, such as from binding arbitration agreements and adverse precedent. While reasonable, the settlement amount is not extraordinary. The Court is not satisfied that this result justifies an upward departure from the Ninth Circuit's standard 25% reasonableness benchmark. See Hanlon, 150 F.3d at 1029.

### 2. Risk and Complexity of Litigation

Attorneys are entitled to a large share award when the risk they took of "not recovering at all, particularly [in] a case involving complicated legal issues." In re Omnivision Techs., 559 F. Supp. 2d at 1046–47.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |

| | |
|---|---|
| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |

There is no doubt that class counsel took significant risks to see this litigation through nearly six years of litigation, including an appeal to the United States Supreme Court. (Desai Decl. ¶ 8–12.) The extensive appellate litigation underscores the risk and complexity of this case. Further, class counsel notes that neither class certification nor success on the merits were guaranteed, especially in light of dismissal of a similar case involving wage-and-hour claims for failure to adequately plead knowledge on the part of Domino's. (Fees Mot. at 6.) Also, as noted above, one of the key legal precedents establishing Domino's practices as unlawful is currently under review by the California Supreme Court and could be overturned. (Id.); see Camp, 84 Cal.App.5th at 638. Finally, Domino's intensely disputed the merits of the case throughout litigation. (Fees Mot. at 6.)

Accordingly, this litigation was difficult, economically risky, and legally complex, such that this factor leans in favor of a substantial fee award.

        3.    <u>Skill of Counsel</u>

Another recognized factor courts consider is the "prosecution and management of a complex national class action," which requires unique legal skills and abilities. <u>Knight v. Red Door Salons, Inc.</u>, No. 08-01520 SC, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).

Here, class counsel used their combined nearly 60 years of class action and wage-and-hour claim experience to diligently litigate the case. Both Desai and De Castro have a proven track record of success in these types of cases which likely benefitted class members in this case. (See Desai Decl. ¶¶ 13–17; De Castro Decl. ¶¶ 3–6.) Their past success and extensive experience prosecuting similar wage-and-hour claims through class actions weighs in favor of substantial fee award.

        4.    <u>Contingent Nature of the Fee</u>

Another factor to be considered in determining attorney fees is whether their compensation was contingent in nature. See <u>Vizcaino</u>, 290 F.3d at 1048–50.

Here, class counsel invested over $1.1 million in lodestar services and $23,192 in expenses. (Desai Decl. ¶ 7.) Additionally, during the duration of this litigation, class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

counsel turned down other opportunities and spent time that may otherwise have been
spent on other matters.  (Id. ¶ 8.)  Given the risk of contingency and the considerable
resources expended by class counsel, this factor supports the proposed fee award.

 5. Awards in Similar Cases

 The Ninth Circuit has repeatedly held that 25% of the settlement value is a
reasonable attorney fees benchmark.  See, e.g., Hanlon, 150 F.3d at 1029.  Here, class
counsel request an upward adjustment to 33% of the settlement value.  They cite a
number of cases that have approved similar awards.  See, e.g., Hernandez v. Kovacevich
"5" Farms, No. 04-cv-5515, 2005 U.S. Dist. LEXIS 48605, at *25–31 (E.D. Cal.
September 30, 2005) (33.3% of the $2.52 million settlement in an employment class
action); Linney v. Cellular Alaska P'ship, No. 96-3008, 1997 U.S. Dist. LEXIS 24300,
*20 (N.D. Cal.Jul. 18, 1997) (33.3% fee); Vedachalam v. Tata Consultancy Servs. Ltd.,
No. 06-0963, 2013 U.S. Dist. LEXIS 100796, at *1–2, 10 (N.D. Cal. July 18, 2013)
(awarding 30% of settlement fund in an employment class action).

 However, one important distinction from the present case is that the settlements at
issue in some of these cases included injunctive relief that served to prevent future harm
of a similar kind.  Hernandez, 2005 U.S. Dist. LEXIS 48605, at *10–11; Linney, 1997
U.S. Dist. LEXIS 24300 at *20.  The Settlement negotiated with Domino's does not
include any affirmative agreement to change its labor practices.

 Accordingly, the Court does not find these cases particularly persuasive in
justifying an upward departure to the benchmark fee award.

 6. Reaction of the Class

 Courts may also consider the reaction of the class, including objection or the
absence of objection, in determining the proper fee award.  In re Omnivision Techs., 559
F. Supp. 2d at 1048.

 Given that this fees motion comes at the preliminary approval stage, there has
been no notice to the class so the Court cannot properly weigh any objections at this
time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

7.    Lodestar Comparison

The Ninth Circuit encourages courts to use the lodestar method as a "cross-check" on the reasonableness of a fee award determined with the percentage method.  See Vizcaino, 290 F.3d at 1050; Petroleum Prods., 109 F.3d at 607 ("It is reasonable for the district court to compare the lodestar fee, or sum of lodestar fees, to the 25% benchmark, as one measure of the reasonableness of the attorneys' hours and rates.").

To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work.  McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).  The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Fischel v. Equitable Life Assurance Soc'y, 307 F.3d 997, 1007 n.7 (9th Cir. 2002).  The court must be cautious, however, not to adjust the lodestar figure based on any of the foregoing factors that are subsumed in the original lodestar calculation.  Morales v. City of San Rafael, 96 F.3d 359, 364 & n.9 (9th Cir. 1996).  The Ninth Circuit has noted that multipliers range from 1.0-4.0 and a "bare majority" fall within the range of 1.5-3.0. Vizcaino, 290 F.3d at 1051 n.6; Van Vranken v. Atl. Richfield Co., 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation.").

Here, the lodestar method would appear to confirm that the proposed fee award under the percentage method is reasonable.  Class counsel represent that they have invested over 1,058 hours for a total of $1,121, 883 in lodestar, which is significantly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title        Edmond Carmona et al v. Dominos Pizza LLC et al

more than the requested fee. (Desai Decl. ¶¶ 8, 12.) This lodestar is supported by a detailed report of time spent litigating the present case. (Prelim Approval Mot., Ex. D, Dkt. No. 64-6.) Given the protracted litigation over 6 years in this case, the Court does not doubt the hours expended on this case by counsel.

However, the Court is not convinced that the hourly rates proposed by counsel are reasonable. While counsel claims that the rates of $1,250/hour for Desai, $950/hour for De Castro, and $290/hour for Sonia Nave (Paralegal) are consistent with prevailing rates, they provide no evidence of such. (Mot. at 9.) The most recent case they do reference approving their rates was this Court approving rates of $750/hour and $450/hour, respectively, albeit in 2017. (De Castro Decl. ¶ 7); see Aguirre v. Genesis Logistics, No. 12-00687 (C.D. Cal. November 29, 2017) (Dkt. Nos. 335, 330-1.) Counsel have failed to justify their rates in order to establish a compelling lodestar.

Additionally, counsel took this case on a contingency basis, understanding the risks of litigation and the possibility of a modest settlement. Given that recovery fell far short of potential liability in this case as noted above, the Court is not convinced that the hours actually expended on the case justify a generous upward departure from the 25% benchmark.

* * *

Accordingly, the Court **DENIES** preliminary approval of the proposed attorneys' fees of $766,666 from the common fund. The Court will of course consider any additional information provided with the motion for final approval.

*B.     Reimbursement for Reasonably Incurred Litigation Expenses*

"An attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation costs from that fund." See In re Toyota Motor Corp. Unintended Acceleration Litig., No. 10ML02151, 2013 WL 12327929, at *35 (C.D. Cal. July 24, 2013). "The award 'should be limited to typical out-of-pocket expenses that are charged to a fee paying client and should be reasonable and necessary." Id. (citing In re Immune Response Sec. Litig., 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007). The taxation of costs is within the court's discretion. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:20-cv-01905-JVS-JDE                    Date    December 22, 2025

Title    Edmond Carmona et al v. Dominos Pizza LLC et al

Class counsel requests actual costs of $23,192 for reimbursement of reasonably incurred litigation expenses.  The Court has reviewed Exhibit E, (Dkt. No. 64-6), and finds that the expenses were reasonable and necessary.  Exhibit E describes travel, meals, online legal research, court fees, filing fees, mediation fees and more.  (See Prelim. Approval Mot., Ex. E, Dkt. No. 64-6.)  These expenses are typical to pay for costs associated with complex, difficult, and lengthy litigation.

Accordingly, the Court **GRANTS** class counsel's reasonable expenses in the sum of $23,192.

C.    *Named Plaintiff Service Awards*

Class counsel requests that this Court approve an incentive award to Named Plaintiffs as class representatives.  (Fees Mot. at 1.)  Rather than seeking a variable award based on the hours of work, class counsel suggests a fixed $15,000 payment to each Named Plaintiff.  (SA ¶ 47.)  By comparison, the estimated average payout for members of the driver classes is $2,304, whereas the non-driver class will receive an average of $1,255 each.  (Desai Decl. ¶ 53.)

Courts have discretion to issue incentive awards to class representatives.  Rodriguez, 563 F.3d at 958–59.  "The awards are 'intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.'" Herrera v. Wells Fargo Bank, N.A., No. 18CV00332, 2021 WL 9374975, at *14 (C.D. Cal. Nov. 16, 2021) (Selna, J.).  Courts also compare the incentive awards to the total settlement by looking at "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment." In re Online DVD, 779 F.3d 934, 947 (9th Cir. 2015) (quoting Staton, 327 F.3d at 977).

There is no doubt, as class counsel notes, that the Named Plaintiffs were critical to prosecuting this case and reaching a settlement on behalf of all class members.  (Fees Mot. at 12.)  As class representatives, Named Plaintiffs attest that they spent many hours participating in attorney interviews, supplying documentation, reviewing drafts filings, making declarations, and participating in mediation.  (See, e.g., Arriola Decl. ¶ 7.)  Some have spent over 100 hours on these activities since 2020, taking on significant risk of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |

| | |
|---|---|
| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |

retaliation while currently employed at Domino's. (See, e.g., id. ¶¶ 7, 9; Declaration of Edmond Carmona ("Carmona Decl."), Dkt. No. 65-4, ¶¶ 7, 9.)

However, awarding Named Plaintiffs a payment of $15,000 would be more than 6.5 times the average driver recovery and nearly 12 times the average recovery for non-drivers. Further, in comparison to the total settlement amount paid to class members, the combined service award of $150,000 represents 6.5% of the total Settlement. Other courts have rejected incentive awards making up such a high proportion of a common fund. See Staton, 327 F.3d at 976–77 (rejecting incentive awards of $30,000 totaling 6% of the settlement fund).

Additionally, the amount of time invested by each Named Plaintiff varies widely. While some Named Plaintiffs have invested about 100 hours in total, others are closer to 50 hours expended, while still others who joined the suit this year have only spent 15 hours on case-related activities. (See, e.g., Declaration of Gyorgy Diaz ("Diaz Decl."), Dkt. No. 65-5, ¶ 7 (50-55 hours); Declaration of Marc Moran ("Moran Decl."), Dkt. No. 65-9, ¶ 7 (15 hours).)

The Court finds that the requested service award would provide excessive compensation in light of the effort expended by some Named Plaintiffs. A service award of $15,000 would constitute an hourly rate of compensation of $1000 for someone only contributing 15 hours, and $300/hour for someone contributing 50 hours. This Court has previously found service payments to be unreasonably large even when the hourly rate is significantly lower. See Alvarez v. Sirius XM Radio, Inc., 2021 WL 1234878, at *12-*13 (C.D. Cal. Feb. 8, 2021) (finding $5,000 payments representing hourly rates between $250 to $417 to be excessive); Palmer v. Pier 1 Imports, 2018 WL 8367495, at *6 (C.D. Cal. July 23, 2018) (reducing $7,500 service payment that would have provided for an hourly rate of $375).

Accordingly, the Court **DENIES** preliminary approval of service awards to the Named Plaintiffs in the amount of $15,000 per Named Plaintiff.

*D.    Administration Plan*

Here, the parties have agreed that the Settlement will be administered by ILYM. (SA ¶ 39.) ILYM was selected after multiple bids from experienced class settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-01905-JVS-JDE | Date | December 22, 2025 |
|---|---|---|---|

| Title | Edmond Carmona et al v. Dominos Pizza LLC et al |
|---|---|

administrators. (Fees Mot. at 17.) ILYM won the bid with an estimated $11,000 in administration costs, including notice, funds distribution, and class management. (Prelim. Approval Mot., Ex. B, Dkt. No. 64-3.) The parties request that the Court appoint ILYM as Settlement Administrator. The Court has no reason to conclude that ILYM cannot adequately carry forth its obligations as Settlement Administrator or that its quote is not reasonable. Thus, the Court conditionally appoints ILYM as the Settlement Administrator and approves administration costs in the amount of $11,000.

\* \* \*

In sum, the Court **GRANTS** preliminary approval of ILYM as the settlement administrator as well as administration and litigation costs. The Court **DENIES** preliminary approval of attorneys' fees and service awards and invites class counsel to submit new proposals prior to final approval.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for preliminary approval of settlement and **DENIES in part** the motion for preliminary approval of attorneys' fees and costs, services awards, and administration plan.

Specifically, the Court:

- Preliminarily approves the Proposed Settlement, litigation costs, and administration fees;
- Appoints Named Plaintiffs as class representatives; Desai Law Firm, P.C., as class counsel; and ILYM Group, Inc., as settlement administrator;
- Directs notice be given to class members;
- Rejects the proposed attorneys' fees and service awards;
- Approves the scheduling proposal for notice and final approval.

**IT IS SO ORDERED.**